## Dawson v. Wisner.

1. Erroneous ruling without prejudice. When the record shows that the appellant has not been prejudiced by an erroneous ruling of the court, the judgment below will not be reversed.
2. Judgment on verdict: new trial. *Woodward* v. *Horst*, 10 Iowa 120, as to rendering judgment on one part of a verdict and granting a new trial as to another part of the same, cited and approved.
3. Record may be changed. The court may modify an order entered of record sustaining a motion to set aside a verdict, if done at the term at which the order was made.

*Appeal from Webster District Court.*

Saturday, October 6.

Plaintiff declares upon an account, for work done by the day in and about the building of a house for defendant. The averments of the petition are denied. Defendant in addition pleads set-off. On the trial plaintiff proved this account to the amount of $320,67. Items in the defendant's set-off were proved and admitted to the amount of $218,19. In addition to this sum, testimony was introduced tending to show bad workmanship on the part of the workman in building the house, the damages of defendant in consequence thereof; as also that the work was done by the day, that some of the timber was not seasoned and that defendant was about giving orders and directions concerning the work. The jury returned a verdict for plaintiff in the sum of $245. Defen-

dant moved for a new trial, which motion was sustained, and thereupon the court, on plaintiff's motion and against defendant's objection, rendered judgment for the plaintiff in the sum of $100, and from this judgment defendant appeals.

*J. M. Ellwood* for appellant.

*John F. Duncombe* for the appellee.

WRIGHT, J.—We think this is clearly one of those cases where, if there was any error, it was an error without prejudice, and that the judgment should not therefore be disturbed.

Upon the proved, admitted and undisputed facts, plaintiff was only entitled to a verdict of $102,48. The only matter in controversy was the claim for damages set up by defendant for bad workmanship on the house. This it was the province of the jury to consider and determine under the the testimony and the law as declared by the court. This item, it is manifest, they refused to allow, and that they were justified in coming to this conclusion, we think is equally manifest. The sum of $218 in defendant's account admitted, consisted of two items : one for a note of $142,69, and the other for cash, $75,50. The jury clearly allowed the $75,50, deducting which from the amount proved by plaintiff, left the amount of the verdict, or rather a fraction of it, or $320,69–75,50=245,17. In addition to this, defendant was unquestionably entitled to the amount of the note $142,69, and the refusal of it was doubtless the result of an oversight or mistake on the part of the jury. This note to the full amount and more was allowed by the Court when the judgment was entered for the sum of one hundred dollars.

If it appeared that wrong or injustice was done to defendant by the jury, in disallowing his claim for damages, there might be some fair room for granting him a new trial. The issue made on that part of the case, however, has been full y investigated, and as we believe, from the record, properly

decided   As to the other parts of the case, he has been allowed all that he claimed and even more, and is in no condition to complain.

Where it appears that justice has been done and that a new trial would result in the same verdict, or as in this case, the same judgment, the judgment will not be reversed for erroneous rulings of the court below.   *Pelamourges* v. *Clarke*, 9 Iowa 1.  So in *Woodward* v. *Horst*, 10 *Ib.* 120, plaintiff (being an assignee under a general assignment) sued for goods sold by his assignors to defendant, as also for goods sold by himself after the assignment.   Trial by jury and verdict for the defendant.   The District Court being of the opinion that the verdict as to the goods sold by the assignors, was warranted, and as to those sold by the assignee clearly not supported by the evidence, granted a new trial as to the latter and refused it as to the former, and this ruling was held not to be erroneous.   And see *Gordon* v. *Pitt*, 3 Iowa 385, and *Terpenning* v. *Gallup et al*, 8 Ib. 74.

Guided by these authorities, therefore, we have no difficulty in determining that this judgment should be affirmed. And this, though it be admitted that the court, in the first instance, sustained generally the motion for a new trial and afterwards entered this judgment.   It was competent for the court, having the whole record before, and under its control during the term, to modify this order and enter such an one as should have been entered in the first instance. Taking the whole record together, however, we understand that the order made amounted in substance to a correction of the verdict; upon data that was in the possession of the court; as to which there was no dispute; a correction that was for the benefit of the appellant; gave him all he had any legal right to ask, and he should not therefore complain.

                              Judgment affirmed.