# CHICAGO TITLE & TRUST CO., RESPONDENT (BROWN ET AL., INTERVENERS AND RESPONDENTS), v. O'MARR, SHERIFF, ET AL., APPELLANTS.

### (No. 1,283.)

(Submitted March 4, 1901. Decided April 8, 1901.)

## Verdict—Excessive Verdict—Reduction—New Trial—Appeal.

1. Where, in an action for conversion, the trial court regards the verdict as in excess of the value of the property, it is not error to give the plaintiff the option of remitting the excess, and, if he does so, to order the verdict to stand for the residue, instead of granting a new trial absolutely, under Code of Civil Procedure, Sec. 1771, Subd. 6, authorizing the granting of a new trial for insufficiency of the evidence to justify the verdict.

2. With questions of the mere weight of evidence in substantial conflict and the comparative credibility of witnesses the Supreme Court, as an appellate tribunal, has nothing to do.

*Appeal from District Court, Lewis and Clarke County; Henry C. Smith, Judge.*

ACTION by the Chicago Title & Trust Company against James J. O'Marr and others. Ralph Brown and others intervened. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

*Mr. A. J. Shores,* for Appellants.

*Mr. H. G. McIntire,* for Respondent Chicago Title & Trust Co.

*Mr. A. C. Gormley,* and *Mr. Richard Bennett,* for Interveners.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

This cause was here in November, 1896, on appeals by the defendants from a judgment and an order refusing a new trial,

and is reported in 18 Montana, at page 568 (46 Pac. 809, 47 Pac. 4). This Court finally determined the respective rights of the parties, but reversed the judgment and remanded the cause with directions to try the issue of fact touching the value of the property converted by the defendants on August 7, 1893; the Court saying: "The single point to be retried is the value of the property at the time of the conversion." Conformably to the order of this Court the court below tried the issue as to value. The jury found the value to have been $14,825.25, and that at "forced sale" the property would have brought $11,500. By order of the court, judgment upon the verdict was entered in behalf of the plaintiff and interveners declaring that the value of the property converted was $14,825.25, and adjudging that of said amount the defendants were entitled to retain $5,020, and that the remainder be paid by them to the plaintiff and interveners to the extent of their several rights thereto as declared by this Court. The defendants having moved for a new trial on the grounds that the jury gave excessive damages under the influence of passion and prejudice, that the evidence was insufficient to justify the special verdict, and that the court erred in refusing to instruct the jury as requested by the defendants, the court ordered that a new trial be granted unless the plaintiff should within 30 days file its consent in writing to a modification of the judgment by remitting therefrom the sum of $1,595.55, the amount in which the verdict was deemed "excessive, and not justified by the evidence," the court being of the opinion that the value of the property converted was $13,229.70, and holding that the evidence was insufficient to justify the verdict for a sum in excess of that amount. In compliance with the terms of the order the plaintiff remitted $1,595.55, the judgment was modified accordingly, and the motion for a new trial was thereupon denied. From the order refusing a new trial and from the judgment as modified, the defendants appeal.

1. Counsel for the defendants assumed that the court below would take a general verdict in favor of the plaintiff and inter-

veners, and framed requests for instructions upon that theory. The jury, however, were directed to find a special verdict upon the issue submitted to them, and counsel does not seem seriously to urge that, under the circumstances, error was committed by the refusal to give the proposed instructions as prayed.

2.   The action of the lower court in requiring the plaintiff to remit a part of the amount found by the jury as the condition upon which the motion for a new trial would be denied, is specified as error.   It is insisted and argued at length that in cases where damages are allowed by juries for injuries to property or property rights, the practice of requiring a remission is unauthorized by either the common or the statutory law, except where the part which should not have been allowed is so distinguishable from the remainder of the verdict or finding that it may be ascertained by the court.   Counsel assert that in the case at bar the value of the property converted was susceptible of ascertainment by application of fixed and definite rules of law, and that  therefore  the court was without right to reject the verdict of the jury  and substitute a finding of its own as the basis of the judgment.

Much of appellants' brief is devoted to a discussion of what the rule is or should be in respect of the right of the court to require a remission of part of the damages found by the jury as the condition of denying a motion for a new trial in cases for injuries to the person or to personal rights, such as libel, false imprisonment, assault and battery, criminal conversation, and the like, where the extent of the injury suffered is often not susceptible of accurate estimation.   That the trial court may in such cases require the plaintiff to forego so much of the amount found by the jury as in the opinion of the court was not justified by the evidence, is a rule which finds wellnigh universal recognition.   If the appellate court finds that the court below was clearly wrong in deciding that the evidence was insufficient, of course the order would be erroneous  and might be prejudicial.   Many courts have decided that if the excessive damages appear to have been awarded under the in-

fluence of passion or prejudice, a new trial should be granted
absolutely unless it is plain that the other issues were correctly
decided by the jury.   Whether in the class of cases mentioned
where the damages appear to be both excessive and the result
of passion and prejudice, the court would be justified in mak-
ing an order refusing a new trial upon the plaintiff's remitting
a certain part of the damages awarded to him by the jury (a
question adverted to, at least, in *Kennon* v. *Gilmer,* 5 Montana,
257, 51 American Reports, 45, 5 Pacific Reporter, 847, and
in *Cunningham* v. *Quirk,* 10 Montana, 462, 26 Pacific Re-
porter, 184), need not be considered in the present case.   The
general rule stated was approved and applied in *Kennon* v.
*Gilmer,* 9 Montana, 108, 22 Pacific Reporter, 448, in *Gilmer*
v. *Kennon,* 131 United States, 22 (9 Sup. Ct. 696, 33 L. Ed.
110), and in *Hamilton* v. *Great Falls Street Railway Co.,* 17
Montana 334, 42 Pacific Reporter 860, 43 Pacific Reporter 713.

It is contended that the rule is inapplicable to a case, such
as the one at bar, where the amount of damages is measured
by the value of the property converted or is otherwise suscepti-
ble of accurate ascertainment.

Section 1171 of the Code of Civil Procedure provides, in
substance, that a new trial may be granted because of:  "(5)
Excessive damages, appearing to have been given under the
influence of passion or prejudice.   (6) Insufficiency of the
evidence to justify the verdict or other decision."   Unless
excessive damages appear to have been awarded under the
influence of passion or prejudice, a new trial cannot properly
be granted for the cause specified in the fifth subdivision; if,
however, the damages exceed the amount which the evidence
justifies, a new trial may be granted upon the ground stated
in the sixth subdivision, or the court may, in its discretion
wisely exercised, refuse a new trial upon the proper remission
by the plaintiff.   In *Gilmer* v. *Kennon, supra,* the Supreme
Court of the United States, in considering the provisions of
the Code of Civil Procedure of Montana then in force, which
designated among the grounds upon which motions for new

trials might be granted the causes specified in subdivisions 5 and 6 of Section 1171, *supra,* said: "Under these statutes, as at common law, the court, upon the hearing of a motion for a new trial, may, in the exercise of its judicial discretion, either absolutely deny the motion, or grant a new trial generally, or it may order that a new trial be had unless the plaintiff elects to remit a certain part of the verdict, and that, if he does so remit, judgment be entered for the rest;" and this quotation is cited in *Cunningham* v. *Quirk, supra,* as expressive of the law upon that subject in this state.

If there was not any evidence to support the verdict for an amount in excess of $13,229.70, or if there was some evidence tending to support the verdict for the excess but the evidence was not in the opinion of the court below of sufficient weight to justify it, the court should either have grantetd a new trial absolutely or in the exercise of its judicial discretion have refused a new trial upon the remission of the excess. In the case before us the court below was of the opinion that the verdict of the jury for $14,825.25 was excessive in the sum of $1,595.55, the evidence being insufficient to justify the jury in finding that the property converted was of a greater value than $13,229.70. For aught that appears to the contrary, the conditional order for a new trial was made for the cause mentioned in Subdivision 6 of Section 1171, *supra.* The court did not find that excessive damages appeared to have been given under the influence of passion or prejudice, for which cause a new trial may be granted by virtue of subdivision 5, but that the damages were excessive because the evidence was insufficient (either in weight or for want of any probative force) to justify the verdict for more than $13,229.70. Under such circumstances the court in making the order that the motion of the defendants for a new trial be overruled upon the remission by the plaintiff of the amount deemed to be excessive, did not err to the prejudice of the defendants, provided the evidence was sufficient to support the verdict as reduced in amount.

There is a contrariety of opinion upon the question under

discussion, but we think the better reason and the weight of authority accord with the view we have expressed. In *Arkansas Valley Land and Cattle Co.* v. *Mann,* 130 United States 69 (9 Sup. Ct. 458, 32 L. Ed. 854), the action was brought to recover damages for the conversion of cattle by the defendant. The plaintiff, if entitled to recover, was entitled to the value of the animals with their increase, together with interest from the date of the conversion. The jury returned a verdict for the plaintiff in the sum of $39,958.83. On motion by the defendant for a new trial, the court below ordered that if the plaintiff would remit $22,833.33 from the amount of the verdict the motion for a new trial would be denied, but if he declined to do so it would be granted. The plaintiff remitted in accordance with the order and stipulated in writing that judgment might be entered for $17,125, whereupon the motion for a new trial was denied and judgment entered for the latter-named sum. To the action of the court in respect of the remission and to the order refusing a new trial the defendant excepted. On writ of error the case was taken to the Supreme Court of the United States; we quote the reasoning of that court upon the precise question here presented: "The point was much pressed at the bar that the remission by the plaintiff of a part of the verdict, followed by a judgment for the sum remaining, deprived the defendant of his constitutional right to have the question of damages tried by a jury, without interference upon the part of the court, except as it became necessary to instruct them in reference to the principles of law governing the determination of that question. The precise contention is, that to make the decision of the motion for a new trial depend upon a remission of part of the verdict, is in effect a re-examination by the court, in a mode not known at the common law, of facts tried by the jury, and therefore was a violation of the seventh amendment of the constitution. The counsel for the defendant admits that the views expressed by him are in conflict with the decision in *Northern Pacific Railroad Co.* v. *Herbert,* 116 U. S. 642, 646 (6 Sup. Ct. 590, 29

L. Ed. 755); but he asks that the question be re-examined in the light of the authorities. That was an action against a railroad company for the recovery of damages resulting from the negligence of its representative, whereby the plaintiff sustained serious personal injury. The verdict was for $25,000, and a new trial was ordered unless the plaintiff remitted $15,-000 of the verdict. He did remit that sum, and judgment was entered for $10,000. This court said: 'The exaction, as a condition of refusing a new trial, that the plaintiff should remit a portion of the amount awarded by the verdict, was a matter within the discretion of the court. It held that the amount found was excessive, but that no error had been committed on the trial. In requiring the remission of what was deemed excessive, it did nothing more than require the relinquishment of so much of the damages as, in its opinion, the jury had improperly awarded. The corrected verdict could, therefore, be properly allowed to stand,'—citing *Blunt* v. *Little,* 3 Mason, 102, 107, Fed. Cas. No. 1,578; *Hayden* v. *Florence Sewing Machine Co.,* 54 N. Y. 221, 225; and *Doyle* v. *Dixon,* 97 Mass. 208, 213, 93 Am. Dec. 80. In *Blunt* v. *Little,* which was an action for malicious civil prosecution, in which the verdict was for $2,000, Mr. Justice Story, while admitting that the exercise of the discretion of the court to disturb the verdict of the jury was full of delicacy and difficulty, recognized it to be a duty to interfere when it clearly appeared that the jury had committed a gross error, or acted from improper motives, or had given damages that were excessive in relation either to the person or the injury; and held that the cause then before him should be submitted to another jury unless the plaintiff remitted $500 of the damages. The remission was made, and the new trial refused. In *Doyle* v. *Dixon,* which was an action for breach of contract, the language of the court was: 'When the damages awarded by the jury appear to the judge to be excessive, he may either grant a new trial absolutely, or give the plaintiff the option to remit the excess, or a portion thereof, and order the verdict to stand for the residue.'

To the same effect are many other cases. (*Guerry* v. *Kerton,* 2 Rich. Law, 507, 512; *Young* v. *Englehard*, 1 How. (Miss.) 19; *Diblin* v. *Murphy,* 3 Sandf. 20. See, also, numerous authorities collected in Sedgwick on Damages (6th Ed.), 765, note 3; 1 Sutherland on Damages, 812, note 2; 3 Graham & Waterman on New Trials, 1162.) The practice which this court approved in *Northern Pacific Railroad Co.* v. *Herbert* is sustained by sound reason, and does not, in any just sense, impair the constitutional right of trial by jury. It cannot be disputed that the court is within the limits of its authority when it sets aside the verdict of the jury and grants a new trial where the damages are palpably or outrageously excessive. (*Ducker* v. *Wood,* 1 Term R. 277; *Hewlett* v. *Crutchley,* 5 Taunt. 277, 281; authorities cited in Sedgwick on Damages (6th Ed.), 762, note 2.) But in considering whether a new trial should be granted upon that ground, the court necessarily determines, in its own mind, whether a verdict for a given amount would be liable to the objection that it was excessive. The authority of the court to determine whether the damages are excessive implies authority to determine when they are not of that character. To indicate, before passing upon the motion for a new trial, its opinion that the damages are excessive, and to require a plaintiff to submit to a new trial, unless, by remitting a part of the verdict, he removes that objection, certainly does not deprive the defendant of any right, or give *him* any cause for complaint. Notwithstanding such remission, it is still open to him to show, in the court which tried the case, that the plaintiff was not entitled to a verdict in any sum, and to insist, either in that court or in the appellate court, that such errors of law were committed as entitled him to have a new trial of the whole case. But it is contended that the plaintiff could not have been required to remit so large a sum as $22,-833.33, except upon the theory that the jury, in finding their verdict, were either governed by passion, or had deliberately disregarded the facts that made for the defendant; in either of which cases the duty of the court was to set aside the verdict

as one not fit to be the basis of a judgment. Undoubtedly, if such had been the view which the court entertained of the motives or conduct of the jury, it would have been in accordance with safe practice to set aside the verdict, and submit the case to another jury. That was the course pursued in *Stafford* v. *Pawtucket Haircloth Co.,* 2 Cliff. 82, Fed. Cas. No. 13,275. In that case Mr. Justice Clifford, after observing that the damages were greatly excessive, and without support in evidence, said: 'Such errors may in many cases, and under most circumstances, be obviated by remitting the amount of the excess; but where the circumstances clearly indicate that the jury were influenced by prejudice, or by a reckless disregard of the instructions of the court, that remedy cannot be allowed. Where such motives or influences appear to have operated, the verdict must be rejected, because the effect is to cast suspicion upon the conduct of the jury and their entire finding.' This court is not, however, authorized to assume from the mere fact that $22,833.33 was remitted that the court below believed that the jury were governed by prejudice, or willfully disregarded the evidence. On the contrary, it may be inferred that the amount for which the plaintiff was entitled to a verdict was ascertained by the court after a calculation based upon the prices of cattle as given by numerous witnesses; or that the court became satisfied that the preponderance of evidence as to the ownership of some of the cattle was against the plaintiff; or, as to other cattle, that they were not traced to the possession of the defendant." This was approved in *Gilmer* v. *Kennon,* 131 United States, 22 (9 Sup. Ct. 696, 33 L. Ed. 110). *Doyle* v. *Dixon,* 97 Mass. 208 (93 Am. Dec. 80), was an action to recover damages for the breach of a contract. A verdict for $800 was returned for the plaintiff, which the defendant moved to be set aside for excessive damages and as contrary to the weight of the evidence. The judge was of opinion that the damages were excessive, but upon the plaintiff's remitting $400 ordered the verdict to stand for the remainder. The court, through Mr. Justice Gray, said: "The defendant has no ground of excep-

tion to the action of the superior court upon the motion for a new trial. Such a motion, so far as it depends upon the weight of evidence or other matter of fact, is exclusively addressed to the discretion of the presiding judge. When the damages awarded by the jury appear to the judge to be excessive, he may either grant a new trial absolutely, or give the plaintiff the option to remit the excess, or a portion thereof, and order the verdict to stand for the residue. (*Lambert* v. *Craig*, 12 Pick. 199; *Hurry* v. *Watson*, 4 Term R. 659, note; *Blunt* v. *Little*, 3 Mason, 107, Fed. Cas. No. 1,578.) The judge in this case having adopted the latter course, and ordered the verdict to stand for the sum of four hundred dollars, the only question of law arising thereon is whether the law would warrant a verdict for this amount." In *Sills* v. *Hawes*, 14 Colorado Appeals, 157 (59 Pacific Reporter, 422), the action was by a mortgagor against his mortgagee to recover for the conversion of the mortgaged chattels. The defendant asked for a new trial and the court considered that the damages found by the jury were excessive in the sense that $105 of the amount was not, in the opinion of the trial court, justified by the evidence, and suggested that the motion would be sustained unless the plaintiff remitted that sum from the verdict. The plaintiff remitted and the motion was denied. Said the court: "The defendant filed a motion for a new trial, among other grounds for asking which alleging that the damages were excessive. In hearing this motion the court seems to have considered this objection well taken, and suggested that, upon condition the plaintiff remitted the sum of $105 from the verdict of the jury, the motion would be overruled; otherwise, it would be sustained. The plaintiff in open court electing to remit the amount suggested, the motion was denied. Defendant insists that this is reversible error. He contends that the court had no right to substitute its judgment for that of the jury as to the amount of the damages, and that it had no right nor power to ask the plaintiff to remit in a suit of this character, where it was an action for unliquidated damages; that such power exists, if at

all, only in actions for liquidated damages, and where there has been an error in computation, or of some similar character. If this be true, why does the Code provide as one of the grounds for a new trial which the unsuccessful party may urge that the damages awarded were excessive, and why did the defendant include this ground in his motion for a new trial? If the finding of the jury is absolutely conclusive, the Code provision would be a nullity. The position of defendant is that in such case the court has no alternative except to award a new trial if it believes the damages given by the verdict of the jury to have been excessive. We do not believe such to be the rule, and certainly it is not in accord with general, and we may say universal, practice in this jurisdiction; nor does it seem to us founded on reason. The court has, of course, no power to compel the successful party to accept its suggestion to remit; but, if he does, we fail to see wherein the unsuccessful party is injured. If it is error, it is in his favor, and he certainly has no right to complain. He is not prejudiced either as to his rights or remedies. The successful party has a right to remit, if he desires, without any suggestion from the court. If errors were committed during the trial, they still remain for review by the appellate court, the same as if judgment had been entered upon the verdict as rendered. That there was no error in the action of the court in this case of which defendant may complain, see Hayne on New Trials & App. Sec. 166; *Gregg* v. *Railroad Co.,* 59 Cal. 312." *Broquet* v. *Tripp,* 36 Kansas, 700, 14 Pacific Reporter, 227, was an action arising from a breach of warranty that certain sheep were sound and healthy. The plaintiff recovered a verdict for $850. The defendant moved for a new trial, which the court refused upon the condition that the plaintiff remit $350 of the verdict. In affirming the judgment the court there said: "The defendant still further complains that the court, as a condition for overruling his motion for a new trial, remitted $350 of the verdict. We think it had ample authority to do so. If the plaintiff consented thereto, the defendant ought not to complain, as the reduction

was in his favor. It seems to be well settled that in actions for damages of this kind an excess in the verdict above what the evidence might justify or satisfactorily estblish may, with the consent of the party in whose favor the verdict was given, be remitted, and judgment entered for the residue. The exercise of such power is sanctioned on the theory that the excess arises either from error of law, misapprehension of the facts, or error in computation by the jury, and that such error does not permeate the entire verdict, and therefore it is competent to correct it. When the assent of the party is obtained whom alone the correction would prejudice, the other party has nothing of which to complain, such order of the court being in his favor. (*Pendleton Street Railway Co.* v. *Rahmann,* 22 Ohio St. 446; *Brockman* v. *Berryhill,* 16 Iowa, 183; *Dawson* v. *Wisner,* 11 Iowa, 6; *Craig* v. *Cook,* 28 Minn. 232, 9 N. W. 712; *Corcoran* v. *Harran,* 55 Wis. 121, 12 N. W. 468.)" The Supreme Court of Wisconsin in *Murray* v. *Buell,* 74 Wisconsin, 14, 41 Northwestern Reporter, 1010, reached the same result by a somewhat different course of reasoning. In *Corcoran* v. *Harran,* 55 Wisconsin, 120, 12 Northwestern Reporter, 468, it was said: "The practice adopted by the trial judge is clearly sanctioned by the great weight of authority. We must, therefore, hold that in actions of tort as well as contract, where the damages are clearly excessive, the trial judge may either grant a new trial absolutely, or give the plaintiff the option to remit the excess, and, in case he does so, order the verdict to stand for the residue. Certainly, the practice will tend to promote justice, and lessen the expense to litigants and the public. Besides, the allowance of such option is no more of an exercise of arbitrary power by the trial judge than it would be for him to set aside the verdict absolutely upon the sole ground that it is excessive, and then, in effect, direct a jury to bring in a verdict for a smaller sum, but not in excess of an amount named by the court." In *Chapin* v. *Bourne,* 8 California, 294,—an action of ejectment,—there was a verdict for $500 damages in addition to a finding generally for the

plaintiff.   On the hearing of a motion for a new trial made by the defendant, the court ordered that unless the plaintiff remitted $250 of the damages recovered a new trial would be granted.   The plaintiff remitted that amount and the defendant appealed.   Said the court:   "The court below had a perfect right to require the plaintiff to remit a portion of the damages. It has been repeatedly held that this power was within the discretion of the court, and its exercise has been encouraged." In *Davis* v. *Railroad Co.*, 98 California, 13, 32 Pacific Reporter, 646, the practice theretofore prevailing in California by which motions for new trials were denied upon the remission by the plaintiff of part of the damages awarded by the jury, was approved and declared applicable to liquidated as well as unliquidated damages,—that is to say, to damages susceptible of accurate estimation and to damages allowed by juries in the exercise of sound judgment and discretion where there are no fixed and rigid standards of measurement.   The Supreme Court of West Virginia in *Ohio River Railroad Co.* v. *Blake,* 38 West Virginia, 718, 18 Southeastern Reporter, 957, after full consideration, adhered to the doctrine announced in the case of *Arkansas Valley Land and Cattle Co.* v. *Mann, supra.*

3.    The final specification is that the evidence was insufficient to support the verdict after its reduction from $14,825.25 to $13,229.70.   Although there was a wide divergence of opinion touching the worth of the property, substantial evidence was adduced tending to prove that the value somewhat exceeded the amount of damages ultimately awarded.   The credibility of the witnesses and the weight of the evidence were for the jury, subject to the supervisory control and revisory power of the district court exercising its judicial discretion upon the motion for a new trial.   With questions of the mere weight of evidence in substantial conflict and the comparative credibility of witnesses this court, as an appellate tribunal, has nothing to do.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY:   I concur.

Mr. Justice Milburn:   I concur.   This Court having,
notably in *Kennon* v. *Gilmer,* 9 Mont. 108, 22 Pac. 448,
decided that in an action for personal injury a verdict held to
be excessive may be reduced without submitting the case to
another jury upon a new trial, it seems to me, in reason,
unnecessary to discuss the question whether a verdict for dam-
ages to property or property rights may be reduced at the
option of plaintiff by order of the trial or appellate court.   If
a verdict for personal injury may be lawfully reduced by the
court, why does it not follow, logically and *a fortiori,* that the
court has the power to reduce a verdict for injury to property
or property rights?   In the latter case the verdict is based upon
testimony of witnesses who testify to values within their knowl-
edge, and the jurors do not have to grope in the darkness of
speculation and conjecture, and the court may be able to defi-
nitely discover and point out the exact amount of excess which
it intends to subtract from the sum found by the jury.   I may
say that I cannot see any reason in those decisions which have
held that a court may interfere and reduce the verdict in the
case of bodily injury and may not do so in the case of injury
to property or property rights.   The existence of such respect-
able authorities, however, has made it necessary for Mr. Justice
Pigott to cover the case at length.   I wish to add also that the
weight of the authorities, particularly the decisions of the
United States Supreme Court, is so overwhelming in support
of the power of the court to reduce verdicts when excessive in
the opinion of the court, with option to the plaintiff to accept
or decline, that I am forced to concur in the opinion so ably
written by Mr. Justice Pigott; but I wish to here go on record
as saying that, while in duty bound to bow to the law as it is
and has been made by the courts, I am opposed to the tendency
of the times to increase the power of the courts, and to permit
them to invade those duties which are the sole duties of the
jury.   I cannot, except in special cases,—as, for instance,
where the court by mistaken instructions has led the jury to
add some specific sum to the amount which it would otherwise

have found,—believe, notwithstanding the overwhelming weight of authorities, that a court should make itself judge of the weight of evidence or of the credibility of witnesses, as it does in most cases when it scales verdicts. The power to grant new trials in law cases because the verdict is excessive means to give the parties another trial before a jury, and not, in the discretion of the court, to diminish the amount of damages given in the verdict. The action of the court in scaling the verdict and then refusing a new trial is too often to close the door to the losing party in the appellate court; for, notwithstanding the fact that in numerous cases the finding of excessive damages indicates passion and prejudice on the part of the jury, still the presumption is in favor of the act of the court, and the use of sound discretion by it; the effect of the law of verdict scaling being that the court below has, by the use of its intellect, discovered how much the mind of each juror was biased, and has, with a thorough knowledge of the laws of metaphysics, applied the remedy by cutting down the verdict. To dictate a compromise by threat of the expense of a new trial is a convenient way to clear the docket, but ought only to be resorted to in special cases, such as above indicated.