# GOLDSMITH, EXECUTOR, APPELLANT, *v.* MURRAY, RESPONDENT.

(No. 3,317.)

(Submitted November 21, 1913.   Decided December 16, 1913.)·

[138 Pac. 187.]

*Partnership—Actions—Theory of Case—Conclusiveness on Appeal.*

Partnership—Actions at Law Between Members—When not Maintainable.
1.   One partner cannot, prior to a settlement and accounting, sue his copartner at law with reference to partnership transactions.

Same—Appeal—Theory of Case—Conclusiveness.
2.   Under the rule that a party will be held bound on appeal by the position assumed by him in the trial of his case in the district court, where an action concerning dealings between former partners, brought after settlement of the partnership affairs, was tried as one at law, with the apparent consent of appellant, he was not in a position to assert that it should be reviewed as a suit in equity for an accounting.

Appeal—Conflicting Evidence—Judgment—Affirmance.
3.   In an action at law tried by the court without a jury, the evidence introduced in which was conflicting, it was the exclusive privilege of the trial judge to determine the credibility of the witnesses, and its finding, reviewed on motion for new trial and attacked for insufficiency of the evidence to support it, must be accepted as final on appeal.

*Appeal from District Court, Silver Bow County; W. R. C. Stewart, Judge of the Ninth Judicial District, presiding.*

ACTION by A. W. Goldsmith, as executor of the last will and testament of Henry L. Frank, deceased, against James A. Murray.   Judgment for defendant. · From an order denying his motion for a new trial, plaintiff appeals.   Affirmed.

*Mr. Chas. R. Leonard,* and *Mr. Frank C. Walker,* for Appellant, submitted a brief and one in reply to that of Respondent; *Mr. Walker* argued the cause orally.

*Mr. James E. Murray,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

48 Mont.—22

This action was brought by H. L. Frank to recover a balance alleged to be due him on account of money paid out and expended for the use and benefit of the defendant at his special instance and request, between November 1, 1899, and September 2, 1903. Frank thereafter died and the executor of his will was substituted as plaintiff in his stead. In November, 1899, Frank and the defendant being the owners of the Gem quartz lode mining claim situate in Silver Bow county, the former of a three-fourths interest and the latter of the remaining interest, began to conduct mining operations thereon, each agreeing to bear his proportionate share of the necessary expense. Frank assumed personal charge of the work, paid the entire expense, and from time to time rendered to the defendant statements of the amount due from him. These amounts were paid. This plan was pursued until the enterprise was abandoned by the defendant, as he claims, on July 31, 1901, or; as plaintiff claims, on October 5, 1901. Thereafter Frank remained in possession of the joint property until some time subsequent to January, 1907, when it was sold; but whether he continued active mining operations does not appear. During the time intervening between November 17, 1902, and November 24, 1903, he expended for watchmen to guard the buildings upon the property, and for insurance, *etc.*, $1,810.50. For the time intervening between the latter date and January 1, 1907, he leased the shaft upon the property to F. A. Heinze, who used it to develop adjoining property. On this account he was paid by Heinze $1,900. The balance for which recovery is sought is made up of defendant's proportion of the amounts expended in the conduct of the joint operations during July, August, September and five days of October, 1901, together with the sum expended for insurance, *etc.*, with interest, less a credit of a one-fourth of $1,900 as of date of January 7, 1907, when payment of it was made. The defendant denies that any amount is due. He alleges that on September 14, 1901, he notified Frank that he would no longer be responsible for any of the costs or expenses of operating the property; that on October 5 he again gave notice to Frank in

writing that the agreement was at an end; that on or about that date, or a short time prior thereto, he and Frank had a final accounting and settlement of all the matters alleged in the complaint, except the amount expended for watchmen, *etc.,* liability for any part of which he denies; and that upon such settlement he paid to Frank all sums of money claimed by him to be due on account of their joint operations prior to that date. The defendant's answer also alleges a counterclaim for $3,125, money overpaid to Frank at the time of the settlement. This claim was abandoned at the trial, the parties submitting evidence upon the issue of final accounting and settlement. The court found generally in favor of the defendant and awarded him judgment for costs. Plaintiff has appealed from an order denying his motion for a new trial, and has submitted the question whether the evidence is sufficient to justify the finding.

The action was brought as one at law. The parties proceeded in the trial upon the theory that it is an action at law. We shall not discuss the question whether this is the correct theory. We must, however, accept the position which the parties defined for themselves in the trial court and consider the case accordingly, though counsel for defendant now earnestly contends that we should review the case as one in equity for a partnership accounting; for notwithstanding it is the settled rule, as he [1] contends, that one partner cannot prior to a settlement and accounting sue his copartner at law with reference to the partnership transactions or dealings (*Riddell* v. *Ramsey,* 31 Mont. 386, 78 Pac. 597; *Boehme* v. *Fitzgerald,* 43 Mont. 226, 115 Pac. 413; *Doll* v. *Hennessy Mercantile Co.,* 33 Mont. 80, 81 Pac. 625), [2] it is also the rule, equally well settled, that after a party has assumed a defined position in the case in the trial court, he may not thereafter assume a different position in this court. (*Dempster* v. *Oregon Short Line R. R. Co.,* 37 Mont. 335, 96 Pac. 717; *Galvin* v. *O'Gorman,* 40 Mont. 391, 106 Pac. 887; *Cohen* v. *Clark,* 44 Mont. 151, 119 Pac. 775.) There are recognized exceptions to the general rule as announced in these cases, but this case does not fall within any of them. (21 Ency. Pl. &

Pr. 664.) If counsel desired to avail himself of the rule which he now invokes, he should have done so in the trial court by appropriate method (15 Ency. Pl. & Pr. 1010; *Kunneke* v. *Mapel,* 60 Ohio St. 1, 53 N. E. 259). Instead of doing this, however, he relied upon a settlement of the partnership affairs and a final discharge of defendant from his association with it, by payment of the ascertained balance due from him in September, 1901. He is bound to retain the position thus assumed. His apparent reason for a change of position, though not stated in so many words, is that, whatever may be the condition of the evidence upon the issue tried, this court should, in reviewing the case, hold that the plaintiff is subject to the imputation of laches, and hence that he ought not to recover.

Passing to the merits of the case as made, we do not think the conclusion reached by the trial court should be disturbed. [3] It would serve no useful purpose to reproduce and analyze the evidence in detail. The plaintiff's evidence tended to show that the dissolution of the partnership took place on October 5, 1901, and that there was then chargeable to defendant his share of the expenses incurred for the months of July, August and September, and that these items, together with the amounts subsequently expended for watchmen, *etc.,* less a credit for defendant's proportionate share of the rent received from Heinze, have not been paid. To fix the date of the settlement he relied upon a written notice sent to Frank by defendant on that day, in which he told Frank that he would not thereafter be responsible for any further outlay upon the mining operations. The defendant relied upon a verbal notice of dissolution, which he testified he had given Frank about the middle of July that he would not be responsible after August 1, and also a receipt in full for all charges due from him for the months of April, May, June and July. This receipt he obtained from Frank on September 14. He testified that at that time he and Frank reached a full understanding and settlement, and that he thereupon gave his check for the balance then due. The receipt and canceled check tend to corroborate his statement. Questioned

with reference to the written notice of October 5, he stated that at that time, being about to leave the state to be away for some time, he wished to have a record of the dissolution of the partnership, and hence, though he deemed the verbal dissolution had in July sufficient, it would be safer to have written evidence of it. His statement that the final settlement occurred·in September in pursuance of the verbal notice by him in July, is further corroborated by the fact that Frank did not, so far as the record discloses, make any demand upon him for further payments until sometime in the year 1902, whereas prior to that time demands for payment had been made at comparatively short intervals.

Counsel for plaintiff insists that the fact that defendant gave the written notice on October 5, couched in the terms it was, furnishes conclusive proof that defendant's claim that a settlement and dissolution was accomplished by a verbal notice in July, is without foundation. It is true that the notice impliedly assumes the existence of the partnership up to the time at which it was given, and thus tends to impeach the defendant's testimony as to the verbal notice; yet in view of the other evidence heretofore referred to, corroborative of his testimony on this subject, it was the exclusive province of the trial court to determine the credibility of his story and find accordingly. Its determination, after seeing and hearing the witnesses and on the motion for a new trial, must be accepted as final just as would the verdict of a jury had one been called to try the issues.

It has not escaped our notice that the dates referred to by the witnesses do not agree with those alleged either in the complaint or answer. The court seems to have regarded these variances as immaterial. Except so far as they reflect upon the credibility of the witnesses, we think they were immaterial.

Counsel have discussed in their briefs the question whether under the evidence the defendant ought to be charged with any part of the outlay made by Frank for watchmen, insurance, *etc.* If it be assumed that under the circumstances disclosed he ought to pay his share of this amount, less a credit for his proportion

of the rent received by Frank, the balance is in his favor. He knew Frank had been caring for the property and that he had collected the rent. He did not in his answer assert, by way of counterclaim, the right to recover a share of the rent. It may, therefore, be assumed that he was content to allow Frank to reimburse himself out of the rent for the expense of protecting the property. ·

The order is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.

Rehearing denied January 31, 1914.