LAGIER, RESPONDENT, *v.* LAGIER, APPELLANT.

(No. 4,165.)

(Submitted June 3, 1920. Decided July 6, 1920.)

[193 Pac. 393.]

*Divorce—Evidence—Sufficiency—Remarriage After Divorce—
Effect—Irrelevant Testimony—Presumptions.*

Divorce—Evidence—Sufficiency—Review—Rule in Equity Cases.
  1.  Where, in a divorce proceeding, the trial court made no specific findings of fact but rendered a general decree in favor of plaintiff to the effect that all three charges alleged in her complaint were true, and the evidence was sufficient to sustain the court's view as to one of such charges, the supreme court will not interfere on appeal, even though as to the other two the proof could properly be said to preponderate against its decision.

Same—Remarriage—Effect—Jurisdiction of Supreme Court.
  2.  Since the supreme court has no original jurisdiction in divorce proceedings, it cannot reverse a decree in such a case on the ground that after its rendition, and before defendant had perfected his appeal, plaintiff had remarried,—a fact, made to appear by stipulation on appeal, the legal effect of which could not have been before the trial court when it rendered its decree.

Same—Laxity of Divorce Laws—Remedy.
  3.  The remedy for laxity of divorce laws lies with the legislative, not the judicial, branch of government.

Equity—Admission of Irrelevant Testimony—Presumptions.
4. In an equity case tried to the court, it will be assumed on appeal that incompetent and irrelevant testimony admitted during the course of the trial was disregarded by it in arriving at its decision.

*Appeals from District Court of Lewis and Clark County; R. Lee Word, Judge.*

ACTION for divorce by Andree C. Lagier against Louis Lagier. Judgment for plaintiff. Defendant appeals from it and an order denying his motion for a new trial. Affirmed.

*Mr. C. A. Spaulding,* for Appellant, submitted an original and supplemental brief, and argued the cause orally.

*Mr. Park Smith,* for Respondent, submitted a brief, and one in reply to appellant's supplemental brief, and argued the cause orally.

MR. JUSTICE HURLY delivered the opinion of the court.

This is an action for divorce based upon three grounds: Desertion, willful neglect, cruel and inhuman treatment, in that defendant has falsely and repeatedly uttered and published charges against the chastity of plaintiff. The answer generally denies the allegations of the complaint and alleges that defendant has furnished plaintiff a suitable home but that plaintiff has failed and refused to live with the defendant and without cause has deserted him; that plaintiff has been guilty of conduct which has been of such a nature and character as to render the continuance of the marriage relation between defendant and plaintiff perpetually unreasonable and intolerable, thus defeating the legitimate objects of marriage; that defendant has been and is willing and ready to furnish plaintiff a suitable home if she will reside with him, but that she still refuses and fails so to do. There was reply. The trial court made no specific findings of fact, but rendered a general judgment in favor of the plaintiff to the effect that all the charges in the complaint were true,

granting a divorce to plaintiff. The appeal is from the judgment and an order denying a motion for a new trial.

Briefly stated, the testimony discloses that the father of the plaintiff had come to this country from France and was a friend of the defendant; that plaintiff's father told the defendant of his daughter, who still resided in France, and defendant advanced money for the purchase of a ticket for the purpose of bringing her from France to Helena, and that a few days after her arrival, without previous acquaintance, they were married on the fourteenth day of March, 1915, and that at a party or dance, held in honor of the marriage, immediately following the ceremony, the parties quarreled, the plaintiff alleging that he then charged her with being too intimate at the dance with one Croteau. There is also testimony that upon several occasions the defendant, in the presence of others, made statements to the effect that plaintiff was more the wife of Croteau than of himself; that "she was a very bad woman" and should be sent to the penitentiary; that "she has four or five husbands—was Croteau's wife." The parties lived together from the fourteenth day of March, 1915, to the eighteenth day of March, 1915, when defendant left for the ranch where he was employed, leaving her in town. On the twenty-ninth day of March she went to the ranch and remained there until the second day of April following. There is also evidence that during her stay at the ranch, they did not cohabit as husband and wife, and that they had trouble while there; that the place of abode furnished by the defendant was not suitable as a dwelling. This testimony is controverted by the defendant. He testified that plaintiff, by reason of her relations with Croteau, refused to make her home with him, and some testimony was offered by the defendant showing what he claimed the course of conduct pursued by her with Croteau.

The testimony in the case was given largely through the aid of an interpreter and the record is therefore not as clear as may be desired; but the trial court was in a more advan-

tageous position than we are to determine the weight of the evidence. We think no useful purpose may be served in [1] attempting to set it forth in detail. Whether it preponderates against the view of the district court as to desertion and neglect of the plaintiff by defendant, it is not necessary for us to determine, for as to the third cause of action we are unable to say that it preponderates against the rulings appealed from, and therefore, following the principle so often announced by this court, we will not disturb the judgment.

By a stipulation filed. after the appeal was perfected, it is [2] made to appear that after the decree of the district court, and before the appeal was perfected, the plaintiff remarried. Because of this, defendant contends that the decree should be reversed and the action dismissed. In support of this position appellant cites the case of *Branch* v. *Branch,* 30 Colo. 499, 71 Pac. 632. There, however, the court on appeal held that the testimony did not support the trial court's finding as to neglect of the plaintiff by the defendant for the statutory period, and directed the dismissal of the cause upon that ground. Upon rehearing it was made to appear that plaintiff had remarried during the pendency of the appeal. The court held that the appeal suspended the judgment for all purposes, and that she could not lawfully remarry during the pendency of the appeal, and that where one of the parties to a divorce remarries during the pendency of the appeal, that party has not the right to prosecute or defend, and could not question the correctness of a decision of the supreme court in a petition for rehearing. It should be borne in mind also that in that case the court had found that plaintiff was not entitled to a divorce, and that therefore a new trial could serve no useful purpose, and for that reason a dismissal was directed.

We are not unmindful of the all too prevalent custom of parties to divorce actions marrying again after divorce, during the period when a motion to vacate the judgment may be made, or within which an appeal may be taken. In this

case, however, we are not called upon to determine plaintiff's status since her remarriage. We have no original jurisdiction in divorce actions. We can only review the correctness of the trial court's rulings. That court may not be put in error because of the existence of facts occurring after the decree had been rendered, and which it was impossible for that court to pass upon when the cause was submitted to it. To pass upon and determine the legal effect of matters of fact, not presented to the trial court, would require this court to assume original jurisdiction of litigation, which original jurisdiction is intrusted by the Constitution solely to the district courts.

The question raised differs from that in the Colorado case, as the remarriage here occurred prior to the appeal being taken. Whether that marriage is or is not a valid one is not before us for consideration. Others than the plaintiff and defendant in this action are concerned in that situation. We cannot conclude rights of parties who are not parties to [3] litigation pending before us. The laxity of divorce laws has been the subject of much comment and adverse criticism. The remedy, however, lies with the legislative branch of government, not with the courts, which have no authority to enact laws.

Objections were made to the reception of evidence, which [4] objections were overruled and error is assigned upon the rulings. This being a trial to the court, we will assume that the court disregarded any incompetent or irrelevant testimony.

The judgment and order appealed from are affirmd.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and COOPER concur.