DOCKINS, APPELLANT, *v.* DOCKINS, RESPONDENT.

(No. 6,233.)

(Submitted March 17, 1928. Decided April 5, 1928.)

[266 Pac. 398.]

*Divorce — Evidence — Sufficiency — Appeal — Presumptions—Burden of Showing Error—Conflict in Evidence—Decision of Court Conclusive.*

Appeal—Burden to Show Reversible Error on Appellant—Presumptions.
1. In entering upon the consideration of an appeal the supreme court indulges the presumption that the decision of the trial court is correct, the burden resting on appellant to show reversible error; it will never presume error and to work a reversal it must affirmatively appear that appellant's substantial rights were affected by the error assigned.

Divorce—Conflict in Evidence—Decision of Court Conclusive on Appeal.
2. Where the evidence in a case tried by the court without a jury is in conflict, the court's decision is conclusive on appeal, that court having been in a more advantageous position, in seeing and hearing the witnesses and observing their demeanor and manner of testifying, to determine their credibility than is the supreme court in reviewing the evidence presented to it in cold type.

Appeal—Affirmance of Judgment Where Substantial Evidence Supports It.
3. A judgment supported by substantial evidence will not be disturbed on appeal.

Divorce—Support of Minor Children—Evidence—Sufficiency.
4. Under the above rules *held*, on appeal in an action for separate maintenance in which the husband had judgment on his cross-complaint for an absolute divorce, requiring the latter, however, who at the time of the trial was earning about $75 a month, to pay plaintiff $45 a month for support of their two minor children as well as the costs of suit, that the judgment was amply supported by the evidence and therefore not open to interference by the supreme court.

[1] Appeal and Error, 4 **C. J.**, sec. 2662, p. 732, n. 86.
[2-4] Appeal and Error, 4 **C. J.**, sec. 2830, p. 844, n. 66; sec. 2853, p. 878, n. 82; sec. 2855, p. 885, n. 39. Divorce, 19 **C. J.**, sec. 817, p. 356, n. 32; sec. 823, p. 361, n. 33.

*Appeal from District Court, Wheatland County, in the Fourteenth Judicial District; O. F. Goddard, a Judge of the Thirteenth District, presiding.*

1. See 2 Cal. Jur. 852; 2 R. C. L. 219.
2. See 2 Cal. Jur. 921; 2 R. C. L. 204.
3. See 2 Cal. Jur. 918.

Action by Minnie Dockins against O. L. Dockins, in which defendant filed a cross-complaint. From the judgment plaintiff appeals. Affirmed.

*Mr. L. R. Daems,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Norman R. Barncord,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff against the defendant to obtain a decree of separate maintenance, the custody of two minor children, the issue of the marriage and a reasonable allowance for the support of the plaintiff and the children. Plaintiff bases her cause of action upon desertion. The defendant answered denying generally and specially the allegations of the plaintiff's complaint, and by way of cross-complaint prayed for an absolute divorce upon grounds of desertion and cruelty. Upon reply filed to the answer and cross-complaint, denying the new matter in the answer, the cause was brought on for trial before the court without a jury, and, after the introduction of all evidence offered by both parties, the court entered judgment in the defendant's favor on his counterclaim for an absolute divorce, awarded the custody of the children to the plaintiff, required the defendant to pay the plaintiff the sum of $45 per month for the support of the children until the further order of the court, and decreed that the defendant pay the costs of the action, "exclusive of attorney's fees, he having heretofore paid the plaintiff's attorney $100." From the judgment the plaintiff has appealed, and the sole specification of error is that the judgment is not proper.

In entering upon the consideration of an appeal this court [1] always indulges the presumption that the decision of the trial court is correct, and the burden rests upon the,

appellant to show reversible error. (*Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co.,* 19 Mont. 557, 49 Pac. 395; *Haley* v. *McDermott,* 45 Mont. 217, 121 Pac. 1060; *State* v. *Schoenborn,* 55 Mont. 517, 179 Pac. 294; *Dover Lumber Co.* v. *Whitcomb,* 54 Mont. 141, 168 Pac. 947; *Great Northern Ry. Co.* v. *Benjamin,* 51 Mont. 167, 149 Pac. 968; *Ringling* v. *Smith River Development Co.,* 48 Mont. 467, 138 Pac. 1098.) On appeal prejudice is never presumed, and in order to work a reversal it must affirmatively appear that substantial rights have been affected by the error assigned. (*Lindeberg* v. *Howe,* 67 Mont. 195, 215 Pac. 230.)

The parties were married at Harlowton on June 16, 1920, [2–4] and there are two children, the issue of the marriage, Genevieve, aged six years, and William, aged two and one-half years. They separated on December 7, 1925, and have since lived apart. He left her at their home in Harlowton and went to Butte in search of employment, and after he had secured work there she at first refused to join him. Later, in July, 1926, while he was employed at Butte at a salary of $25 per week, of which he was contributing to his wife the sum of $7.50 per week for the support of the children, besides paying up old debts incurred for household expenses at Harlowton, she swore to a complaint and had him arrested on a charge of child abandonment. The defendant is a cook by trade, and is capable of earning $30 per week, although at the time of the trial he was employed in a pool hall at Harlowton by his brother at a salary of $75 per month, with sleeping quarters provided. He is possessed of no property. The plaintiff has some separate property of value, and has had employment as a waitress in the Graves Hotel at Harlowton at a salary of from $40 to $50 per month, including board.

A review of the evidence will serve no useful purpose. Suffice it to say, we have made careful examination of all of the testimony, and are of opinion that the evidence amply supports

the judgment. While it is true there is conflict in the evidence, the trial court had the advantage of seeing and hearing the witnesses and of observing their demeanor and manner of testifying, and was in a more advantageous position in determining the credibility of the witnesses, and its determination is conclusive upon appeal. (*Kummrow* v. *Bank of Fergus County,* 66 Mont. 434, 214 Pac. 1098; *Scott* v. *Prescott,* 69 Mont. 540, 223 Pac. 490; *Clark* v. *National Surety Co.,* 81 Mont. 113, 261 Pac. 618; *Nelson* v. *Wilson,* 81 Mont. 560, 264 Pac. 679.)

The rule is well settled that as to the weight to be given to the evidence and the credibility of the witnesses this court has nothing to do, other than to review it in cold type in the record presented (*Chicago Title & Trust Co.* v. *O'Marr,* 25 Mont. 242, 64 Pac. 506), it being the exclusive province of the trial court to determine the credibility of witnesses where there is material dispute in the evidence (*Goldsmith* v. *Murray,* 48 Mont. 337, 138 Pac. 187). And a judgment supported by substantial evidence will not be interfered with on appeal. (*Lagier* v. *Lagier,* 58 Mont. 267, 193 Pac. 393; *Independent Milk & Cream Co.* v. *Aetna Life Ins. Co.,* 68 Mont. 152, 216 Pac. 1109.)

Finding no reason to disturb the judgment, it is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Matthews concur.