McRAE, Appellant, *v.* LETHLEAN et al., Respondents.

(No. 4,278.)

(Submitted January 12, 1921. Decided February 21, 1921.)

[00 Pac. 000.]

*Malicious Prosecution—Excessive Verdict—New Trial—Conditional Order—Discretion.*

New Trial—Excessive Damages—Conditional Order—Remission of Excess—Discretion.
1. Where motion for new trial is asked for on the ground of excessive damages appearing to have been given under the influence of passion or prejudice, the court may, in its discretion, make an order granting the motion unless the successful party remit within a certain number of days a portion of the award, its action not being reviewable except in case of abuse of discretion.

Malicious Prosecution—Excessive Verdict—New Trial—Conditional Order—Discretion.
2. In an action for malicious prosecution of charges of insanity against plaintiff, where the only actual damages proven amounted to $125, and the verdict returned was for $4,500, the plaintiff not having been imprisoned but left in the care of a relative, evidence *held* not to disclose abuse of discretion in granting a new trial unless plaintiff remit half of the award.

*Appeal from District Court, Fergus County; H. L. De Kalb, Judge.*

ACTION by Edward F. McRae against Benjamin Lethlean and others. Judgment for plaintiff. From an order granting defendants a new trial, he appeals. Affirmed.

*Mr. E. K. Cheadle,* for Appellant, submitted a brief and argued the cause orally.

It is the contention of appellant that the verdict is not excessive. It was for the jury to decide what damages the plaintiff was entitled to. He proved actual damages in the sum of $125, which is not disputed. Damage to the reputation or good fame is necessarily somewhat indefinite. It is left to the jury for determination. There is no legal rule for measuring such damages. The amount to be awarded rests within the discretion of the jury, and unless their verdict is so large as to indicate that it was the result of passion or prejudice or a disregard of the evidence, such verdict is conclusive, and will not be set aside as excessive either by the trial court or on appeal. (8 Ruling Case Law, sec. 215.) Exemplary damages may be allowed in such a case without any prayer therefor. The plaintiff may recover damages to his reputation, and in this case damages to his reputation are of the same character as if the action were for slander and libel. "There can be but one assessment of damages for a cause of action for malicious prosecution, and all the damages must be included in it." (18 Ruling Case Law, sec. 53.)

The plaintiff may recover punitive damages in addition to compensatory damages. In this case he seeks punitive damages in addition to damage caused by necessary expense incurred by him, and damage to his good fame or reputation. It is not necessary to plead punitive damages in this jurisdiction. If the facts of the case reveal want of probable cause and malice, punitive damages may be assessed.

It is not possible to say, in this case, how much of the award is for compensatory or how much for punitive damages. No segregation was requested by the defendants, and they cannot complain of any failure of the court to instruct

[59 Mont. 215.]

thereon. The actual damages of $125 are proved without contradiction. This is sufficient to support an award of punitive damages. A part of the award may have been for damages to appellant's good name or reputation and a part may have been exemplary. It is not possible to determine this from the verdict in this case.

*Mr. C. J. Marshall* and *Messrs. Blackford & Huntoon,* for Respondents, submitted a brief; *Mr. W. M. Blackford* argued the cause orally.

This court has repeatedly held that the trial court has the power, where it considers the verdict larger than the evidence justified or that the verdict is the result of passion or prejudice, to order a new trial unless the plaintiff agrees to remit a part of the judgment. (*Chicago Title & Trust Co.* v. *O'Marr,* 25 Mont. 242, 64 Pac. 506; *State* v. *District Court,* 38 Mont. 119, 99 Pac. 139; *Yergy* v. *Helena Light & R. Co.,* 39 Mont. 213, 18 Ann. Cas. 1201, 102 Pac. 310; *John* v. *Northern P. Ry. Co.,* 42 Mont. 18, 32 L. R. A. (n. s.) 85, 111 Pac. 632; *Forquer* v. *North,* 42 Mont. 272, 112 Pac. 439; *Flaherty* v. *Butte Elec. Ry. Co.,* 43 Mont. 141, 115 Pac. 40.)

The damages awarded were excessive. In the case of *Wright* v. *Hagerman* (Ky.), 42 S. W. 917, a verdict of $4,500 was held excessive where the plaintiff was arrested, accused of forgery and put under bond and the grand jury refused to indict. *Seabridge* v. *McAdam,* 119 Cal. 460, 51 Pac. 691, a case of malicious prosecution, where the plaintiff had been arrested for malicious mischief and acquitted, the supreme court of California stated: "In view of all the facts, it would seem that the amount of damages awarded to plaintiff ($800) may be said to be somewhat excessive." In *Phelps* v. *Cogswell,* 70 Cal. 201, 11 Pac. 628, the plaintiff was arrested upon a warrant charging assault and was required to give bail but was not confined—appeared twice in the police court prepared to go to trial. Verdict was for $7,000; reduced to $3,500; *held* that it should have been reduced to $1,000. The case of

*Billingsley* v. *Maas,* 93 Wis. 176, 67 N. W. 49, was a case of malicious prosecution, the plaintiff having been arrested upon a criminal charge of embezzlement and allegations of injury to person, reputation, feelings and business standing were made, and an allegation of $50 he was compelled to pay to secure his discharge. Damages were laid at $5,000. The verdict was for $3,500. *Held,* that no larger verdict than for $1,000 could be sustained. (See, also, *Davis* v. *Seeley,* 91 Iowa, 583, 51 Am. St. Rep. 356, 60 N. W. 183; *Ruth* v. *St. Louis Transit Co.,* 98 Mo. App. 1, 71 S. W. 1055; *Farrell* v. *St. Louis Transit Co.,* 103 Mo. App. 454, 78 S. W. 312.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Action was brought by plaintiff to recover damages for the alleged malicious prosecution of charges of insanity against him by defendants. Verdict was rendered for plaintiff in the sum of $4,500 and judgment entered accordingly. Motion for a new trial was made, upon which the court made an order granting a new trial unless plaintiff would, within fifteen days thereafter, remit fifty per cent of the damages for which judgment was given. Plaintiff declined to comply with the condition and appealed from the order granting a new trial. The specifications of error raise only the question as to whether or not the court erred in granting a new trial upon the condition mentioned.

The rule has been established in this state by several [1] decisions that the trial court, in the exercise of its discretion, may make a conditional order of this character when application for new trial is based upon excessive damages appearing to have been given under the influence of passion or prejudice. (*Chicago Title & Trust Co.* v. *O'Marr,* 25 Mont. 242, 64 Pac. 506; *State ex rel. Cohn* v. *District Court,* 38 Mont. 119, 99 Pac. 139; *John* v. *Northern Pac. Ry. Co.,* 42 Mont. 18, 32 L. R. A. (n. s.) 85, 111 Pac. 632; *Forquer* v. *North,* 42 Mont. 272, 112 Pac. 439; *Flaherty* v. *Butte El. Ry.*

*Co.*, 43 Mont. 141, 115 Pac. 40.) Inasmuch as this is a matter of discretion, the action of the trial court will not be reversed unless it appears that such discretion has been abused.

The evidence shows that in July, 1911, plaintiff became **[2]** violently insane, being afflicted with the form of insanity known as paresis, and was committed to the insane asylum at Warm Springs. After being confined in the asylum for about two years, plaintiff was released and returned to his home county. Shortly after plaintiff's return, defendants filed petition alleging, among other things, that he was insane and unsafe to be at large, and praying for his arrest and for adjudication as to his sanity. The evidence as to probable cause for filing this petition was decidedly in conflict, making that a question of fact for the jury. Plaintiff was not imprisoned upon the arrest but left in the care of his brother-in-law, at whose home he stayed, with freedom to come and go as he pleased. The only actual damages proven were the sum of $125, the balance of the verdict being given in a lump sum for damages to feelings and reputation and by way of punishment. We have carefully reviewed the evidence in this case and cannot say that the trial court abused its discretion in granting motion for new trial upon the condition specified.

The order granting new trial is affirmed and the cause remanded for further proceedings.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Cooper, Holloway and Galen concur.

Rehearing denied March 19, 1921.