CHEHARDY, Judge.
This appeal involves a mandamus proceeding by a subcontractor on a public contract to cancel a materialman’s lien. The district court ordered the lien cancelled, concluding that some of the items had been paid, that some were not eligible for a lien under the Public Works Act (LSA-R.S. 38:2181 et seq.) and that one item was still owed but was not yet subject to a lien. The claimant, Kass Brothers, Inc., has appealed.
The suit concerns renovations of the Cousins Pumping Station in Harvey, Louisiana. The Parish of Jefferson contracted with Sun Belt Constructors to perform the work. Sun Belt subcontracted with T & R Dragline Services, Inc. to perform excavations and to install riprap. (“Riprap” is a vernacular name for the chunks of broken concrete used to line the inner levees of the canals to prevent erosion.) T & R then entered into a contract with Kass Brothers, Inc. under which Kass Brothers agreed to purchase the excavated material from T & R for $25,000 and to supply trucks to haul away the material. That contract also included other specific conditions. T & R and Kass entered into a separate contract under which Kass agreed to furnish riprap to T & R for $6.43 per ton.
Kass began delivering riprap to the site and hauling away excavated material pursuant to the contracts. There were problems with the riprap, however, because a high percentage of it did not conform to the parish engineer’s specifications. After disagreement over various points between T & R and Kass, Kass eventually stopped delivering riprap but billed T & R for materials delivered and services rendered.
*949 T & R refused to make further payments and ultimately Kass filed the lien affidavit, setting forth claims for materials and services totaling $36,346.87. T & R then filed this suit for a mandamus against the Jefferson Parish Clerk of Court and Kass Brothers, seeking to have the lien can-celled. Kass subsequently determined that some of the amounts claimed in the lien affidavit were incorrect and filed a partial release of lien, reducing the total amount of its claim to $27,870.19.
The following items are listed in the lien affidavit:
A. 835.46 tons riprap $ $8.33/ton ... $ 6,959.38
B. 34 tandem loads $ $75/load. 2,550.00
C. 8 tandem loads pump sand $ $42.50/load. 340.00
D. 1 trailer load riprap $ $150/load . 150.00
E. 40 trailer loads concrete $ $150/load . 6,000.00
P. 2,620 yards mud $ $2.50 . 6,550.00
G. 9 loads mud $ $5.00 . 45.00
H. 64 truck rentals for 417 hours $ $25/hr. 10,425.00
I. 1 track backhoe for 4 hours $ $45/hr. 180.00
J. 1 truck rental for 6 hours $ $30/hr. 180.00
K. 1 bantam backhoe for 6 hours $ $60/hr. 360.00
L. 19 tandem truck rentals for 99.5 hours $ $25/hr. 2,487.50
M. 1 dozer for 1.5 hours $ $45/hr ... 67.50
N. 1 ticket-writer to receive fill for 1.5 hours $ $15/hr. 22.50
O. 1 superintendent for 1.5 hours $ $20/hr. 30.00
After hearing evidence at a rule to show cause why the lien should not be cancelled, the trial judge concluded that items A, B, D and E had been extinguished by the partial release of lien filed by Kass. He found that item C had been paid by T & R and that item F was prematurely liened because T & R had not yet been paid by Sun Belt and by agreement Kass was only to be paid within 72 hours of such payment. The judge further determined that item G is not lienable because it was not intended to become a component part of the completed structure. He ruled that items H, L and J are not owed by T & R because Kass was contractually obligated to supply the trucks to haul away the excavated material. He found that items M, N and O are not liena-ble because they related to work performed on another job rather than the Cousins Pumping Station. Finally, he concluded that items I and K are not lienable because the Public Works Act does not provide for recovery of rental equipment. Therefore he ordered the lien be cancelled.
On appeal Kass contends that although some of the items claimed were incorrect, as long as T & R owes anything to Kass the lien should not be cancelled. Because T & R admits that at least item F is owed, Kass argues, the lien should be reinstated until that claim has been extinguished.
The pertinent portion of LSA-R.S. 38:2242 provides,
“A. Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works * * * including persons to whom money is due for the lease or rental of movable property, used at the site of the immovable and leased to the owner by written contract, * * * may after the maturity of his claim * * * file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done.” (Emphasis added.)
Mr. Roy Williams, president of T & R, testified there was an oral agreement between Kass and T & R that Kass would be paid within 72 hours after Sun Belt released funds to T & R. At the time Kass filed the lien, Sun Belt had not paid T & R for item F. After the lien was filed, Sun Belt refused to make further payments to T & R until the lien was cancelled.
Kass offered no evidence to contradict Williams’ testimony on this point and the trial judge, obviously, found Williams credible. Thus, he ruled that the lien was premature as to item F. Since R.S. 38:2242 specifically establishes “the maturity of [the] claim” as a precondition to the filing *950 of the lien affidavit, we find no manifest error in the trial judge’s finding on this point.
Kass also argues that it was improper for the trial court to determine the individual merits of each item at the rule to show cause why the lien should not be cancelled. We find no merit to this argument.
Louisiana’s lien statutes are stric-ti juris, and the lienor must prove its claim for liens by a substantial preponderance of the evidence. Best Electric Supply Company, Inc. v. Rittiner, 334 So.2d 792 (La. App. 4 Cir.1976). The Public Works Act implies a requirement of consumption or incorporation of the materials furnished for construction of the public work before a privilege shall attach. Slagle-Johnson Lumber v. Landis Const. Co., 379 So.2d 479 (La.1979).
Unless the items that compose the lienor’s claim under the Public Contracts Law form a component part of the completed structure or are consumed in the work, they are not lienable. Ville Platte Concrete v. Western Cas. & Sur., 399 So.2d 1320 (La.App. 3 Cir.1981). Accordingly, numerous cases have held that a material-man is not entitled to a lien for rental equipment provided to a general contractor or subcontractor under the Public Works Act. See, for example, Ville Platte Concrete v. Western Cas. & Sur., supra; Valliant v. State, Dept. of Transp. & Dev., 437 So.2d 845 (La.1983).
Although R.S. 38:2242 was amended in 1984 to include a provision allowing a lien for amounts due for rental of movable property, the statute requires that the equipment be “leased to the owner by written contract.” As the rental equipment here was not rented to the owner but to a subcontractor, and further there is no written contract of lease, any amounts due for rental of equipment cannot be the subject of a lien under R.S. 38:2242.
As for the other items, the trial judge concluded either they had been extinguished by earlier payments from T & R to Kass or that they were not owed by T & R because Kass had agreed to supply them without charge or that they did not relate to work performed on the Cousins Pumping Station. Thus, none of them were subject to a lien under R.S. 38:2242. Kass has not shown any error in the trial court’s findings on these items nor does the record reveal any manifest error.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.