CUNNINGHAM, APPELLANT, v. QUIRK, RESPONDENT.

CONVERSION — *Excessive damages* — *New trial* — *Remitting judgment.* — In an action against an officer for conversion, it appeared that the goods sold by him at an execution sale cost $226.90; that they had been in use four years, and were valued at $196; that they brought $72.25 at the sale, and the purchaser testified that they "looked to be used up pretty well." The verdict was for $196. *Held,* that on motion for a new trial it was not an abuse of discretion for the court to order that a new trial be granted unless the plaintiff remit all in excess of the sum of $135, with interest and costs.

APPEAL — *Estoppel.* — When the bill of exceptions contained in the transcript on appeal stated that "this cause came on regularly to be heard on defendant's motion for a new trial," the plaintiff will not be heard to object that no motion for a new trial was ever made or filed.

*Appeal from First Judicial District, Lewis and Clarke County.*

Defendant's motion for a new trial was granted by HUNT, J.

*J. W. Kinsley,* for Appellant.

Defendant's statement on motion for a new trial is wholly insufficient to sustain the order of the court granting a new

trial. It does not appear that any motion for a new trial was ever made or filed. (*Griswold* v. *Boley*, 1 Mont. 545; *First Nat. Bank* v. *McAndrews*, 5 Mont. 251; *Gum* v. *Murray*, 6 Mont. 10.) The trial court will not set aside a verdict as excessive unless it is clearly apparent that the jury were influenced by passion, corruption, or prejudice. (*Ross* v. *Innis*, 35 Ill. 487; *Aldrich* v. *Palmer*, 24 Cal. 513, and cases cited; *Wilson* v. *Fitch*, 41 Cal. 385, 386; *Kimball* v. *City of Bath*, 38 Me. 219; 61 Am. Dec. 243; *New Orleans etc. R. R.* v. *Hurst*, 36 Miss. 660; 74 Am. Dec. 785, and cases cited; *Daniels* v. *Union P. R. R. Co.* Utah, March 1, 1890; *Wheaton* v. *North Beach & Mission R. R. Co.* 36 Cal. 590; Hilliard on New Trials, p. 431, ch. 17, § 2; p. 432, § 3; *Budd* v. *Perkins*, 6 Mont. 223; *Western Un. Tel. Co.* v. *Simpson*, 73 Tex. 422; *Brown* v. *Evans*, 17 Fed. Rep. 912; affirmed in 109 U. S. 180; *McMurray* v. *Basnett*, 18 Fla. 609, and cases cited.) The discretion of the lower court is governed by legal rules. (*Lybecker* v. *McMurray*, 58 Cal. 189; *Kennon* v. *Gilmer*, 5 Mont. 262; *Wheeler* v. *Wallace*, 53 Mich. 355 ;o*Demonbreun* v. *Walker*, 4 Baxt. 200; *Memphis & O. Ry. Co.* v. *Dowd*, 9 Heisk. 179, 186, 187; *Forsee* v. *Matlock*, 7 Heisk. 421.) In the absence of statutory authority the lower court has no power to order a part of the damages remitted in cases in which discretion on the part of the jury is allowed, or when the damages are for the tortious act of a party, except in actions for injury to the person. (*Cassin* v. *Delany*, 38 N. Y. 181; *Moffet* v. *Sackett*, 18 N. Y. 522, 528; *Whitehead* v. *Kennedy*, 68 N. Y. 469, 470; *Andrews* v. *Tyng*, 94 N. Y. 19; *Banks* v. *Oden*, 1 Marsh. A. K. 546; *Savannah, Florida & W. Ry. Co.* v. *Harper et ux.* 70 Ga. 119.)

*F. N. & S. H. McIntire*, for Respondent.

Respondent's statement on motion for new trial is sufficient, as it appears from the record that both a notice of intention and motion for a new trial were filed and served. (*First Nat. Bank* v. *McAndrews*, 5 Mont. 252; *Gum* v. *Murray*, 6 Mont. 11.) The trial court, in its discretion, will and should set aside a verdict and grant a new trial, when it is clearly apparent that excessive damages have been awarded under the influence of passion or prejudice. (1 Sutherland on Damages, p.

810, and authorities cited; *Kinsey* v. *Wallace,* 36 Cal. 481;
*Winn* v. *Columbian Ins. Co.* 12 Pick. 288; *Boyd* v. *Brown,* 17
Pick. 453; *Pratt* v. *Pioneer Press Co.* 32 Minn. 221.) The
granting or refusing of a new trial rests in the discretion of the
trial court, and this discretion will not be interfered with by
the appellate court, unless it has been abused. (*Rogers* v.
*Winch,* 65 Iowa, 168; *Peters* v. *Foss,* 16 Cal. 357; *Pico* v.
*Cohn,* 67 Cal. 260.) The trial court may, in the exercise of its
discretion, order that a part of the damages awarded to the suc-
cessful party be remitted, where they are excessive, and, upon
the successful party refusing to remit the excess, grant a new
trial in actions of trespass to property. (1 Sutherland on Dam-
ages, p. 813, and authorities cited; *Carlisle* v. *Callahan,* 78
Ga. 320; *Craig* v. *Cook,* 28 Minn. 232; *Corcoran* v. *Harran,*
55 Wis. 121.) The trial court, in the exercise of its discretion,
when it is asked to grant a new trial in an action, can pre-
scribe terms to the party opposing as well as to the party ask-
ing the new trial; and the following authorities show ample
precedents of trial courts having prescribed terms to a party
opposing a motion for a new trial: *Benedict* v. *Cozzens,* 4 Cal.
383; *May* v. *Hanson,* 5 Cal. 360; 63 Am. Dec. 135; *Battelle*
v. *Connor,* 6 Cal. 141; *Chapin* v. *Bourne,* 8 Cal. 297; *Pico* v.
*Cohn,* 67 Cal. 259; *Carlisle* v. *Callahan,* 78 Ga. 320; *Craig*
v. *Cook,* 28 Minn. 232; *Pratt* v. *Pioneer Press Co.* 32 Minn.
220; *Corcoran* v. *Harran,* 55 Wis. 121. Trial courts under
the statutes of Montana may, in the exercise of their judicial
discretion, either absolutely deny the motion or grant a new
trial generally, or may order that a new trial be had, unless the
plaintiff elects to remit a certain part of the verdict. (*Kennon*
v. *Gilmer,* 131 U. S. 22; *Savannah, Fla. & W. Ry. Co.* v.
*Harper,* 70 Ga. 128.)

BLAKE, C. J.—The appellant alleges in her complaint that
she was the owner of, and in possession of the following de-
scribed property, to wit: One carpet, bedstead, bureau, wash-
stand, table, wire-spring, mattress, lamp, chair, stove, and two
pillows and four shades of the value of $196; that the same
were taken and converted, July 15, 1889, by the respondent;
and that she has suffered damages by the unlawful conversion.

The answer sets forth substantially that James Kerwin recovered a judgment against the appellant in the sum of $101.25, and that the property was sold by said respondent as a constable under an execution in favor of said Kerwin. There is a denial that the property was of any greater value than $72.25, or that appellant suffered any damage.

The jury returned a verdict for Mrs. Cunningham, and assessed her damages in the sum of $196. Quirk filed his notice of intention to move for a new trial upon several grounds, including the following: Excessive damages appearing to have been given under the influence of passion or prejudice; and insufficiency of the evidence to justify the verdict. The statement of the case on the motion for a new trial was settled and allowed, and thereafter the court made and entered this order: "That if plaintiff shall file, on or before August 5th *proximo*, a stipulation consenting to a judgment in her favor in the sum of $135 60-100, and interest from July 9, 1889, at ten (10) per cent per annum, together with costs, and remitting all in excess of such sums, then judgment for such sums may be allowed to stand, and motion for new trial overruled; otherwise the defendant's motion for new trial will be granted." To this order Mrs. Cunningham excepted, and refused to file the stipulation above mentioned, and the motion for a new trial was granted.

The appellant relies upon the proposition that the issue as to the value of the property was for the exclusive determination of the jury, and that the court usurped their province in making the order, *supra*. We will not compare the authorities upon this question, but accept the law which has been declared in the recent case of *Kennon* v. *Gilmer*, 131 U. S. 22. Mr. Justice Gray reviewed the provisions of the Code of Civil Procedure of this State and said: "Under these statutes, as at common law, the court, upon the hearing of a motion for a new trial, may, in the exercise of its judicial discretion, either absolutely deny the motion, or grant a new trial generally, or it may order that a new trial be had, unless the plaintiff elects to remit a certain part of the verdict, and that, if he does so remit, judgment be entered for the rest."

There may have been sufficient evidence to justify the verdict,

and the court might refuse to grant a new trial for this cause, and at the same time set aside the verdict upon the ground that the damages were excessive and given under the influence of passion or prejudice. But the appellant had the option of remitting the excess, and thereupon a judgment would have been entered for her for the residue. Did the court abuse its discretion in disturbing the verdict? The testimony relates to one element of damages, the value of the property. Mrs. Cunningham testified that the furniture cost $226.90, and that it was worth $196; that it had been in use four years; and that she had a husband and children. The number of the latter is not given, but there were three or more, according to the testimony. Mr. Quirk testified that every article was sold separately, and that there was only one bid, and that the value was $72.25. Mr. Loomis testified that he kept a second-hand store, and that "a set of furniture may be used two years and not be damaged ten dollars, and may be used two years and not be worth one third of its original value." Mr. Kerwin testified that the furniture when sold by the constable "looked to be used up pretty well;" that he was the buyer, and paid therefor $72.25; and that he supposed he could not dispose of the property for half of his bid. This is the substance of the evidence which appears in the record upon this point, and we cannot perceive any error in the ruling of the court thereon.

The counsel for the appellant claims that no motion for a new trial was ever made or filed. We find in the transcript this statement in "plaintiff's bill of exceptions, filed July 31, 1890," which is binding upon the appellant: "Be it known that this cause came on regularly to be heard this thirty-first day of July, 1890, on defendant's motion for a new trial herein."

It is therefore ordered and adjudged that the order and judgment be affirmed with costs.

HARWOOD, J., and DE WITT, J., concur.