BADBOY ET AL., APPELLANTS, *v.* BROWN ET AL., RE-
SPONDENTS.

(No. 5,047.)

(Submitted January 30, 1923. Decided February 27, 1923.)

[213 Pac. 246.]

*Appeal and Error—New Trial—Abuse of Discretion.*

New Trial—Discretion not Unrestricted.
  1.   While the granting or refusing of a new trial rests in the sound
  legal discretion of the district court, guided and controlled by legal
  principles, its discretion will be controlled on appeal if exercised
  without substantial reason.          o

Same—Granting Motion—When Abuse of Discretion.
  2.   Where the jury in an action for damages to personal property
  held under writ of attachment had properly fixed the amount thereof
  on evidence warranting the verdict, and nothing appeared in the
  record indicating passion and prejudice on their part or warranting
  a reduction of their verdict, the trial court abused its discretion in
  granting defendant a new trial if plaintiff should refuse to agree
  to a reduction of about two-thirds of the award.

*Appeal from District Court, Big Horn County; Robert C.
Stong, Judge.*

ACTION by David Badboy and another against Ed   W.
Brown, Sheriff of Big Horn County.   From an order granting
a new trial unless plaintiffs consented to a reduction of dam-
ages, plaintiffs appeal.   Reversed, and cause remanded.

Cause submitted on briefs of Counsel.          ..

*Messrs. Guinn & Maddox,* for Appellants.

*Messrs. Burke & Egnew,* for Respondents; *Mr. Guy C.
Derry,* for Respondent *Ed. W. Brown.*

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action for damages to a Studebaker automobile
alleged to have occurred while such automobile was in defend-
ant's possession under writ of attachment.   It appears that
on June 15, 1920, there was a certain action pending in the

district court of Big Horn county, wherein Ed W. Brown, one of the defendants in the case before us, was the plaintiff, and the plaintiffs herein, David Badboy and Nellie Badboy, were the defendants. On the date mentioned, the defendant herein, John MacLeod, as sheriff, seized the automobile in question on a writ of attachment regularly issued in such action, and placed the same in the charge and possession of Ed W. Brown, the plaintiff therein, and one of the defendants herein, as keeper. Thereafter, on or about November 1, 1920, while that action was still pending, the plaintiffs herein paid and satisfied all claims of the defendant herein, Ed W. Brown, against them, together with costs of suit; but the attachment on the automobile was not released or discharged. It is alleged that the defendant herein, Ed W. Brown, agreed with plaintiffs, upon settlement of such case, to dismiss the action and return the automobile to the place from which it was taken when levied upon by the sheriff, John MacLeod; but that neither of the defendants have so returned the automobile, nor have they delivered it to plaintiffs' possession. Further, that the automobile was pulled or propelled into an open lot back of defendant Brown's store, and there left standing unprotected, and that it has since been stripped of many of its essential parts, and damaged by the elements. Damages were asked from the defendants, in consequence, for the value of the car alleged to amount to the sum of $1,500. Upon issue joined, the case was tried to a jury, and resulted in a verdict in favor of the plaintiffs against the defendant Ed W. Brown in the sum of $650, upon which judgment was duly entered. Thereafter the defendant Ed W. Brown made and filed his motion for a new trial, and the court, after hearing the same, made an order denying the same "providing that within 10 days therefrom plaintiff remit all damages in excess of $250, as of the date of the judgment, otherwise a new trial will be granted." The ground for making such remission or granting a new trial is not stated in the order, but it appears from the notice of motion for a new trial that the motion was based,

among other grounds, upon "excessive damages, appearing to have been given under the influence of passion and prejudice," and this is the only ground upon which the order could have been predicated. The plaintiffs, having refused to remit as in the order specified, have appealed from the order granting a new trial.

They assign as error the granting of a new trial to the defendant Brown. This brings us squarely to a consideration of the evidence upon which the verdict of the jury was based, in order to determine whether the trial court abused its discretion in granting the defendant Brown a new trial.

It is admitted that the automobile was attached as alleged and turned over to the defendant Brown as keeper, and that payment was made by the plaintiffs of the amount due Brown in the attachment suit. Brown denies, however, that he agreed to return the attached automobile to the plaintiffs upon the settlement of his action against plaintiffs. This was a disputed issue of fact. The evidence shows that the plaintiffs bought the automobile in question second-hand, in August, 1919, it being a 1915 model S. D. They traded a Reo five-passenger car for it, and in February, 1920, preceding the attachment, it was in good running order. It had run about 6,000 miles before plaintiffs bought it, and they ran it but a short distance during the summer and fall of 1919. It was left in charge of one George Sherman, at Crow Agency in February, 1920, and was run into a shed for storage on its own power. The defendants immediately thereafter went to the Blackfoot Indian Agency, many miles to the northwest, and did not return until February, 1921, several months after it had been attached and placed in charge of the defendant Brown. George Sherman, who had had some experience with automobiles and as an automobile mechanic, testified that the car at the time it was attached had "a fair cash market value" of $1,000 or possibly more; and further that at the time this action was instituted it was not worth to exceed $200. James Davidson, for the defendants, says it would take about $150 to put the

car in running order, but respecting his examination made of the car upon which he bases his estimate he said: "I looked over the car, but I didn't turn the engine over. I know if I tried I would have turned the engine over. I did not go into it to see if it might have been stuck or the bearings burned out. They might have been, that is true. * * * I don't know anything about that engine. I didn't go in and examine that engine inside. * * * I never said anything about the upholstery being included in this, but he could put the upholstery in good condition. He could not put in new, but you could repair that up."

Defendant MacLeod testified that the "market value" of the car at the time of the attachment, in his opinion, was $250, but explained: "My opinion as to the value of this car in June, 1920, is based largely on my experiences as sheriff, in the sale of cars at forced sales." After the demands of the defendant Brown in the attachment suit were paid in full, the plaintiffs, prior to instituting this action, in February, 1921, having returned from the Blackfoot Indian Reservation, found their car in the vacant lot back of Brown's store, and the plaintiff Nellie Badboy, describing its condition at that time, testified: "I could tell from a glance about what was gone, but I didn't get down in there and examine it myself. Of course, I could do that if I had to. The hood was off and the lights were off, and engine parts were stripped, and the axle was gone, and the wheel gone. The top had been mashed in and the cushions all thrown out. This was in February. The front cushions all thrown out on the ground. Somebody, looked like, had taken a hammer and mashed all they could off of it. The windshield all mashed. I did not look around for any of the parts I have mentioned. The car wasn't mine; I didn't have any right to look around for the parts. The car was under attachment. I did not figure that would be a good way to sell the car to somebody. The car had not been turned back to me." Her testimony as to the damaged condition of the car is corroborated by other witnesses.

The case was very poorly tried, much hearsay and incompetent testimony admitted, and proper evidence excluded. The proof as to damages sustained is far from satisfactory, but there was ample before the jury to warrant the amount of the verdict. The verdict cannot be said to have been the result of passion or prejudice, and we are at a loss to know upon what ground the trial court predicated its order granting defendant Brown a new trial unless plaintiffs herein remitted all damages in excess of $250. We cannot see where or how the court arrived at the amount of $250. It must have been purely an arbitrary amount fixed.

While it is the general rule, frequently enunciated by this [1] court, that the granting or refusing of a motion for a new trial rests in the sound legal discretion of the trial court, yet this discretion is not so unrestricted as to permit the trial court to act arbitrarily, or without substantial basis. Legal discretion must always be guided and controlled by legal principles. (*Montana O. P. Co.* v. *Boston & M. C. & S. M. Co.*, 22 Mont. 159, 56 Pac. 120.) This court will not, as a rule, interfere with the discretion vested in the trial court in granting or refusing a new trial; but when it appears, as it does in this case, that such discretion has been exercised without any sufficient or substantial reason, then it must be controlled. (*Holland* v. *Huston,* 20 Mont. 84, 49 Pac. 390.) Here the abuse [2]. of discretion on the part of the trial court in granting to the defendant Brown a new trial is manifest, for there is no evidence or basis in the record for the court's order. "Under the statute, the amount of the verdict must of necessity rest in the sound discretion of the jury. The parties are entitled to a verdict from the jury, and it is only in rare instances that the court is justified in interfering, unless the record discloses that the elements of passion and prejudice have influenced the minds of the jurors in arriving at the result." (*Hollenback* v. *Stone & Webster Eng. Corp.*, 46 Mont. 559, 129 Pac. 1058.) The jury having fixed the amount of plaintiffs' damages based on evidence warranting the verdict, and

there being nothing in the record to indicate passion and prejudice, or warranting a reduction of the amount of the verdict, the trial court was clearly in error.

The order granting a new trial to the defendant Brown is reversed, and the cause remanded to the district court of Big Horn county, with directions to set it aside.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.