BULL, APPELLANT, *v.* BUTTE ELECTRIC RAILWAY CO.,
RESPONDENT.

(No. 5,381.)

(Submitted January 11, 1924. Decided February 5, 1924.)

[223 Pac. 514.]

*Personal Injuries—New Trial—Excessive Verdict—Passion and*
*Prejudice—Remittitur of Excess—Right to Jury Trial.*

New Trial—Excessive Verdict—*Remittitur* of Excess—Power of District
Court.
1. The rule that an order of the district court denying a new trial
on condition that the successful party relinquish a portion of the
verdict deemed excessive does not impair the constitutional right of
trial by jury, and is applicable to actions for unliquidated damages,
*i. e.,* wherein the amount of damages recoverable rests in the sound
discretion of the jury, such as personal injury actions.

Jury Trial—Nature of Right.
2. The right of trial by jury guaranteed by section 23, Article III,
of the state Constitution is the right as it existed at the time the
Constitution was adopted.

New Trial—Excessive Verdict—When Right Absolute—When Conditional.
3. Where the award of damages is so excessive as to lead to the
conclusion that passion and prejudice influenced the jury in render-
ing it, and it is apparent that the same passion and prejudice en-
tered into the determination of every other issue in the case, a new
trial should be granted absolutely; where, however, the successful
party is clearly entitled to recover a substantial amount, and passion
and prejudice went no further than to cause the jury to swell the
amount, the excess may be ordered remitted as a condition to denying
a motion for a new trial.

Same—Excessive Verdict—How Point may be Raised on Motion for New
Trial.
4. While excessiveness of a verdict is not made a statutory ground
for a new trial, the point that it is excessive may be raised under
the specification that the evidence is insufficient to sustain the verdict.

Same—Conflict in Evidence—Verdict not Conclusive on District Court in
Passing upon Motion.
5. While the supreme court will not disturb an order of the trial
court granting or refusing a new trial where the evidence is in con-
flict, the same rule does not apply to the district court (the same
judge presiding who tried the cause) in passing upon the motion
but it may exercise its independent judgment in determining whether
the jury's conclusion is warranted by the evidence.

---

1. Granting new trial because of excessive verdict as interference with
constitutional right to jury trial, see note in 51 L. R. A. (n. s.) 860.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Helen Bull against the Butte Electric Railway Company. From an order granting defendant's motion for a new trial, plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Frank W. Haskins* and *Mr. N. A. Rotering,* for Appellant.

*Mr. J. L. Templeman, Mr. Sydney Sanner* and *Mr. Fred J. Furman,* for Respondent.

. MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In this action plaintiff seeks to recover damages for personal injuries. When the cause was submitted to the jury but two questions were presented for determination: (1) Was plaintiff injured as the result of defendant's negligence? And (2) if so, what amount will fairly and reasonably compensate her? By the general verdict the jury answered the first question in the affirmative and fixed the damages at $800, with interest from the date of the injury, and judgment was entered upon the verdict. Defendant moved for a new trial, and after due consideration the court ordered that the motion be granted unless plaintiff consent that the amount of the judgment be reduced to $300. The consent was refused, the order became absolute, and the plaintiff appealed therefrom.

Only four witnesses were examined upon the trial of the cause, and the entire testimony is contained in less than six pages of the record. Plaintiff testified that she was a passenger on one of two of defendant's street-cars which collided on May 3, 1922; that she was thrown to her feet in a standing position, and then back into the car seat, striking her shoulder against the car; that her back was bruised and made sore for

weeks; that she became nervous and was afflicted with hives; that the nervous condition continued for nearly six weeks and to a less degree for several months; that the dress she was wearing at the time of the accident, of the value of $25, was torn and destroyed; and that she consulted a physician three times during August and September, 1922. Plaintiff's father testified that within a few days after the accident plaintiff's back was bruised and discolored, and that the condition continued for ten days at least.

Dr. Donohue characterized plaintiff's ailment as traumatic neurasthenia, an ailment "commonly caused by shock or fright due to accidents, scares or things of that nature."

Dr. Schwartz, while unable to make a diagnosis of plaintiff's trouble from her testimony, did say: "Nervousness can be due to a multiplicity of things and likewise the backache; hives are due ordinarily to food poisoning. * * * Dizziness, backache and hives may all be symptoms of traumatic neurasthenia. They are not cardinal points. Nervousness and other symptoms, of which the plaintiff testified, very often result from fright, fear and shock sustained in an accident; they may be part of the symptoms. * * * Traumatic neurasthenia is a disease fairly well understood by the medical profession; it is a serious disease a great many times. Functionally, it is a disease of the nervous system. The patient may be irritable and nervous. Traumatic neurasthenia presupposes shock."

The foregoing is a fair summary of all of the evidence.

It is insisted that plaintiff was entitled to a jury trial and [1] to the verdict of a jury fixing the amount of her damages. The right of trial by jury is guaranteed to plaintiff by the Constitution, but it cannot be conceded that the order of the trial court infringed that right. The question was set at rest many years ago.

In *Herbert* v. *Northern Pacific R. R. Co.*, plaintiff recovered a verdict for $25,000, but upon defendant's motion for a new trial the court required that $15,000 of the amount be remitted

as a condition to denying the motion. When the cause reached the supreme court of the United States, that court said: "The exaction, as a condition of refusing a new trial, that the plaintiff should remit a portion of the amount awarded by the verdict was a matter within the discretion of the court. It held that the amount found was excessive, but that no error had been committed on the trial. In requiring the remission of what was deemed excessive it did nothing more than require the relinquishment of so much of the damages as, in its opinion, the jury had improperly awarded." (Reported as *Northern Pacific R. R. Co.* v. *Herbert,* 116 U. S. 642, 29 L. Ed. 755, 6 Sup. Ct. Rep. 590 [see, also, Rose's U. S. Notes].)

In *Arkansas Cattle Co.* v. *Mann,* 130 U. S. 69, 32 L. Ed. 854, 9 Sup. Ct. Rep. 458 [see, also, Rose's U. S. Notes], the same question was presented again, and the court said: "The practice which this court approved in *Northern Pacific R. R. Co.* v. *Herbert* is sustained by sound reason, and does not, in any just sense, impair the constitutional right of trial by jury."

The contention that plaintiff is entitled to the judgment of the jury as to the amount of damages which will compensate her for her injuries can be granted only with appropriate qualifications. The right of trial by jury guaranteed by [2] section 23, Article III, of our state Constitution, is the right as it existed at the time the Constitution was adopted (*State ex rel. Jackson* v. *Kennie,* 24 Mont. 45, 60 Pac. 589; *Montana Ore Purchasing Co.* v. *Boston & Montana etc. Co.,* 27 Mont. 288, 70 Pac. 1114), and when our Constitution was adopted, the statutes in force expressly authorized the trial court to set aside a verdict and grant a new trial upon any of the grounds enumerated in section 296, Division 1, Compiled Statutes of 1887. Likewise there was in full force and effect the rule of the common law that upon motion for a new trial the court "may order that a new trial be had unless the plaintiff elects to remit a certain part of the verdict, and that, if he does so remit, judgment be entered for the rest." (*Kennon* v. *Gilmer,* 131 U. S. 22, 33 L. Ed. 110, 9 Sup. Ct. Rep. 696

[see, also, Rose's U. S. Notes].)   That rule was approved and applied by this court in *Chicago Title & Trust Co.* v. *O'Marr,* 25 Mont. 242, 64 Pac. 506.

In *Chenoweth* v. *Great Northern Ry. Co.,* 50 Mont. 481, 148 Pac. 330, a question was suggested as to the propriety of applying the rule in any case except where the amount of the excess can be accounted for by resort to mathematical calculations based upon some error in the standard adopted by the jury—a rule which prevails in a few jurisdictions—but the question before us then was not *res integra* in this state.   The overwhelming weight of authority sustains the view that the rule is applicable to actions for unliquidated damages—that is to say, to actions wherein the amount of damages recoverable rests in the sound judgment and discretion of the jury.   (20 R. C. L. 317, sec. 100, and note, 39 L. R. A. (n. s.) 1067.) The rule has been applied by this court in actions to recover damages for personal injuries in many instances, beginning with *Kennon* v. *Gilmer,* 9 Mont. 108, 22 Pac. 448, and continung down to *Liston* v. *Reynolds, ante,* p. 480, 223 Pac. 507.

. If the award of damages is so excessive as to lead to the [3]  conclusion that passion and prejudice have influenced the jury, and the circumstances disclosed are such as to indicate fairly that the jury was influenced by the same passion and prejudice in determining the other issues, a new trial should be granted absolutely, as was done in *Chenoweth* v. *Great Northern Ry. Co.,* above.   But, where it is made to appear that the successful party is clearly entitled to recover some substantial amount, and that, if passion and prejudice have entered into the jury's determination at all, they have gone no further than to swell the amount, the rule may be applied and the excess ordered remitted as a condition to denying a motion for a new trial.   (*Helena & Livingston S. & R. Co.* v. *Lynch,* 25 Mont. 497, 65 Pac. 919; *Griffin* v. *Chicago, Milwaukee & St. Paul Ry. Co.,* 67 Mont. 386, 216 Pac. 765; *Liston* v. *Reynolds,* above.)

It does not follow, however, from the order now under
[4] review that the trial court found that the jurors were
actuated by passion and prejudice. While it is true that the
mere fact that a verdict is excessive is not made a statutory
ground for a new trial (*Kelley* v. *Daily Co.*, 56 Mont. 63, 181
Pac. 326), the contention that the damages awarded are ex-
cessive may be raised under the specification that the evidence
is insufficient to sustain the verdict. (1 Spelling on New Trial
and Appellate Practice, sec. 247; 1 Hayne on New Trial and
Appeal, secs. 94 and 95.)

It has become axiomatic in this jurisdiction, and elsewhere,
[5] that, where the evidence is conflicting, the order of the
trial court granting or refusing a new trial will not be dis-
turbed on appeal in the absence of a clear showing of abuse
of discretion. The rule and the reason for it have been stated
so often that a citation of authorities is unnecessary. But
the same rule does not apply to the trial court where the same
judge presides at the trial of the cause, and upon the hearing
of the motion for a new trial; for under such circumstances
the court has the same opportunity as the jury to form a
general estimate of the evidence (*Kansas Pac. R. Co.* v.
*Kunkel*, 17 Kan. 145; *Dickey* v. *Davis*, 39 Cal. 565); and,
while the parties are entitled to the judgment of the jury in
reaching a verdict in the first instance, upon motion for a
new trial they are equally entitled to the independent judg-
ment of the court as to whether the verdict is supported by
the evidence. (*Green* v. *Soule*, 145 Cal. 96, 78 Pac. 337.)

In the case before us it is not contended by defendant's
counsel that plaintiff is not entitled to recover some amount,
but it is contended that the evidence does not warrant the
amount fixed by the jury. The trial court might have found
that passion and prejudice influenced the verdict only to the
extent of increasing the award beyond the amount warranted
by the evidence; or it might have found that the excess re-
sulted from a too liberal view entertained by the jury as to
the extent of plaintiff's injuries. Upon either theory the

order requiring the remission of the excess as a condition to denying the motion for a new trial was authorized, and the practice is to be commended, as it tends to promote justice and to end litigation. (*Chapin* v. *Bourne,* 8 Cal. 294; *Gila Valley G. & N. Ry. Co.* v. *Hall,* 13 Ariz. 270, 112 Pac. 845; affirmed, 232 U. S. 94, 58 L. Ed. 521, 34 Sup. Ct. Rep. 229 [see, also, Rose's U. S. Notes].)

In *Badboy* v. *Brown,* 66 Mont. 307, 213 Pac. 246, we held that the trial court erred in requiring the plaintiff to consent that the amount of the verdict be reduced from $650 to $250 as a condition to refusing a new trial, but in that case the subject of litigation was personal property, the value of which was determinable by well-recognized standards, and it was held that there was not any evidence from which the court's order could be justified. The decision in that case is not applicable here.

The motion for a new trial was addressed to the sound discretion of the trial court, and upon a review of the evidence it cannot be said that the discretion was abused.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.