LAPPIN, RESPONDENT, *v.* MARTIN ET AL., APPELLANTS.

(No. 5,482.)

(Submitted June 21, 1924. Decided July 12, 1924.)

[228 Pac. 763.]

*Work and Labor — Payment—Pleading—Counterclaim—New Trial — Excessive Verdict — Judgments—Modification—Appeal.*

Work and Labor—Excessive Verdict—Passion and Prejudice of Jury—New Trial—When not Required.
1. Verdict for $266 in an action to recover the value of services rendered by a minor as ranch hand for a period of about a year, *held* not so excessive as to require a new trial on the ground that it was the result of bias, prejudice and passion of the jury, nothing appearing in plaintiff's testimony so highly improbable or incredible as to render such a course necessary.

Same—Complaint—Payment—Sufficiency of Pleading.
2. The allegation of defendant's answer that if plaintiff ever performed any work or labor for him, such work and labor had been more than fully paid for, settled and satisfied prior to the commencement of the action, was a sufficient plea of payment.

Same—What Pleadable as Payment.
3. Nothing is pleadable as payment except money or something agreed to be excepted in lieu thereof; hence failure to allege that plaintiff had agreed to accept two colts and pasturage for certain horses in lieu of money due him, rendered testimony that he had received those things inadmissible.

Counterclaim—What Constitutes—Pleading.
4. A counterclaim, being a cause of action in favor of the defendant and against the plaintiff, must contain a statement of such facts as would be requisite to the sufficiency of a complaint, must be in existence and matured at the time of the commencement of the action, and must be pleaded as such, and if not so pleaded, evidence tending to establish it is inadmissible.

Same—Money Due—Nonpayment—Necessity of Allegation.
5. To state a cause of action for money alleged to be due upon either an express or implied contract, nonpayment must be alleged; hence failure of defendant in his answer to allege nonpayment of a claim against plaintiff rendered the pleading insufficient as a counterclaim in that respect.

Excessive Verdict—Passion and Prejudice of Jury—New Trial Conditioned on *Remittitur* of Excess—When Retrial not Required.
6. Where a new trial was asked on the grounds, among others, of excessive damages appearing to have been given under the influence of passion and prejudice, and insufficiency of the evidence

4. Necessity of designating counterclaim as such, see note in **Ann. Cas.** 1913A, 1079.

to justify the verdict, and the court in its order denying a new trial provided plaintiff would remit $15 of the amount awarded him, did not indicate upon what basis the order was made, it may be presumed on appeal that the remission was made on the ground that the evidence was insufficient to sustain the verdict to the extent of the remission and that the jury by miscalculation had neglected to give defendant credit of two items making up the amount remitted, thus rendering a retrial because of passion and prejudice in the jury unnecessary.

New Trial—Appeal from Order of Denial Abolished.
     7. Section 9745, Revised Codes of 1921, having abolished an appeal from an order denying a new trial, such an attempted appeal will be dismissed.

Judgments—Modification—Original Judgment not Appealable.
     8. Where after rendition of judgment it was modified in conformity with an order denying a new trial provided the successful party agree to a remission of the amount awarded, which modification was accepted, the original judgment was merged in the modified one and an appeal from the former did not lie.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

ACTION by John Lappin, by Anna Lappin, his guardian *ad litem,* against James Martin and another. From a judgment for plaintiff, from the judgment as modified, and from an order overruling a motion for new trial, on condition of a *remittitur,* defendants appeal. Appeal from original judgment and from order overruling motion for new trial dismissed. Judgment, as modified, affirmed.

*Messrs. Keeley & Keeley,* for Appellant, submitted a brief; *Mr. W. E. Keeley* argued the cause orally.

*Mr. I. R. Blaisdell,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

John Lappin, a minor, by his guardian *ad litem,* brought this action against the defendants to recover the sum of $269.75, with interest thereon from December 24, 1921, alleged to be due to him on account of work and labor performed for the defendants between January 1 and December 24, 1921. The case was tried to a jury on November 21, 1922, and resulted in a

verdict and judgment against the defendants for the sum of $286.32, and costs of suit.

The defendants made a motion for a new trial upon the grounds: (1) Excessive damages, appearing to have been given under the influence of passion or prejudice; (2) insufficiency of the evidence to justify the verdict; (3) that the verdict was against law; and (4) error in law, occurring at the trial, and excepted to by the defendants. In disposing of the motion for a new trial, the court made an order on January 5, 1923, that the same "is hereby overruled on the following conditions, to-wit: That the plaintiff remit $15 of the judgment herein. Should the plaintiff, or his attorney, on or before fifteen days from this date, file a written consent to the remission of $15 of said judgment, said motion for new trial shall be deemed denied. Should he fail to file said written consent within said fifteen days, then said motion shall be deemed granted and allowed." On the same day plaintiff filed a written consent to the reduction of the judgment in the sum of $15, and, as thus reduced, the judgment against the defendants was for $271.32.

The defendants have appealed to this court: (1) From the original judgment entered on November 24, 1922; (2) from the judgment as modified by the order of January 5, 1923; (3) from the order made on January 5, 1923, overruling defendants' motion for a new trial, upon the conditions therein contained, and granting a new trial, unless plaintiff should consent in writing to remit the sum of $15 from said final judgment.

It was admitted in the pleadings that, during the time in question, the defendants were operating a ranch known as the Martin Ranch in Powell county. The plaintiff testified that from some time prior to January 1, 1921, he had been residing on the ranch with the father of defendants; that, on said date, the two defendants, who had theretofore worked for and lived with their father, took over the ranch for the purpose of running it on their own account, and thereupon moved to a

different dwelling-house located on the same ranch; that, at the time of removal, defendant James Martin asked plaintiff if he would not like to work for him, to which plaintiff gave an affirmative reply, and then moved over to defendants' place of residence, and thereafter engaged in general work about the ranch under the direction of defendants, during all of the time from January 1 to December 24, on which last-mentioned date he quit and went to live with his sister at Anaconda. In reference to the compensation which he was to receive the plaintiff said that no agreement was made until around the 1st of July, when the subject was brought up by James Martin, and it was then agreed between them that plaintiff's wages should be $25 per month, with room and board, dating from January 1, 1921. He also testified that the total amount paid to him by the defendants during this time was $24, of which $20 was paid about October or November, and $4 on Thanksgiving Day; also, that defendants gave him two colts, one of which he sold for $3, and a flashlight worth fifty cents, which amounts he also allowed as a credit upon his claim. It further appeared that, during the summer, he was "loaned out" to a neighbor named Mr. Elmos for a time, and that Elmos paid him $5, which he kept. Plaintiff also testified that, at one time, he and James Martin were in Anaconda, and James wrote a check payable to plaintiff for $10, which plaintiff cashed, and the proceeds of which he turned over to James.

Defendants in their testimony admitted that plaintiff was at their place for the time alleged, but denied the employment, and their evidence further tended to show that plaintiff was simply living with them; that he did little work, and whatever was paid or given to him was simply a gratuity. James Martin denied that he received the proceeds of the $10 check cashed at Anaconda, and said that they were kept by plaintiff.

It would serve no useful purpose to undertake a detailed account of the testimony, as it would merely show a conflict in the evidence.

Whether plaintiff was in fact employed by defendants, whether he did render services for them, if he was so employed, the amount of compensation, if any, which he was to receive therefor, were all questions of fact for the jury to decide. By its verdict, the jury determined these issues in favor of the plaintiff and found that defendants were indebted to him in the sum of $266.75, with interest from December 24, 1921.

Defendants' first four specifications of error all go to the [1] contention that the verdict was excessive, against the weight of the evidence, and was the result of bias, prejudice and passion of the jury. We do not think their contention in this behalf can be sustained. If the same questions of fact were submitted to us for decision, we might possibly have arrived at a different conclusion, but it was competent for the jury to do as they did and accept the testimony of the plaintiff and his witnesses in preference to that of the defendants. We find nothing in the record to indicate that their conclusion resulted from bias in favor of plaintiff, or prejudice against the defendants. There is nothing in plaintiff's testimony, or the circumstances surrounding the transactions testified to, which make it so highly improbable or incredible or so inherently impossible as to render a new trial of the cause necessary on that account.

Defendants' fifth specification of error is that the court erred in preventing them from showing consideration, other than necessaries, delivered by defendants to plaintiff during the term of the alleged employment.

The first section of the defendants' answer constituted in [2] effect a general denial of the allegations of the complaint, except it alleged that plaintiff worked for them for a period of fifteen days during the haying season of 1921, and that he was paid in full therefor. This was followed by an affirmative defense and further answer, alleging: "That within five (5) years, prior to December 24, 1921, these defendants paid to plaintiff divers sums of money, and advanced money for the use and benefit of the plaintiff, to divers and different persons,

and purchased clothing for plaintiff to wear and use, and sold and delivered to plaintiff pigs and colts, and furnished pasturage to plaintiff for horses and colts, at plaintiff's special instance and request, and for plaintiff's benefit, and furnished board and lodging to plaintiff. That the value of the same amounted to a sum in excess of three hundred fifty (\$350) dollars. That, if the plaintiff performed any work, labor, or service for these defendants, such work, labor, and services were more than fully paid for, settled, and satisfied, prior to the commencement of this action."

Under these allegations, defendants sought to show that plaintiff received from them two colts in 1921, and that they had furnished him pasturage for them, and that for a period of several years they had furnished pasturage for other horses which he owned. The court offered to permit this proof to go in, if defendants would show that there was an understanding or agreement concerning these matters, but in response to this suggestion counsel for defendants said: "No, there was not any understanding at all. I don't suppose they ever had any thought of making any charge against him." If the offered evidence was admissible at all, it must have been either on the theory that it constituted payment, or tended to establish a counterclaim. The last sentence of the quoted paragraph of the answer is a sufficient plea of payment; but the offered testimony [3] was not admissible as establishing payment, for "nothing is pleadable as payment except money or something agreed to be acepted in lieu thereof" (21 R. C. L. 117, sec. 129), and there is no allegation in the answer that the plaintiff agreed to accept the colts or pasturage, in lieu of money as payment for his services, and counsel's statement shows that there was no such agreement, in fact.

The paragraph above quoted does not state facts sufficient [4, 5] to constitute a counterclaim against the plaintiff, as defined in section 9138, Revised Codes of 1921. "A counterclaim is a cause of action existing in favor of defendant, and against the plaintiff, and must therefore contain a statement of

such facts as would be requisite to the sufficiency of a complaint, and must, in stating a cause of action, be complete within itself." (*Babcock* v. *Maxwell,* 21 Mont. 507, 54 Pac. 943.)

In an action for money alleged to be due upon either an express or implied contract, in order to state a cause of action, it is necessary to allege nonpayment. (*Yancey* v. *Northern Pac. Ry. Co.,* 42 Mont. 342, 112 Pac. 533.) Even if, upon the facts pleaded, the law would imply a promise to pay, there is no allegation of nonpayment in the answer.

The matter alleged in the quoted paragraph is designated as an affirmative defense and further answer, whereas a counterclaim should be pleaded as such. (*Babcock* v. *Maxwell, supra.*) Counsel's statement, in response to the court's suggestion, indicated that defendants' motion of charging plaintiff for any of the items mentioned in the answer or offered proof did not arise until after the commencement of the suit. A counterclaim must be in existence and matured for action at the time of the commencement of the suit in which it is pleaded. (*McGuire* v. *Edsall,* 14 Mont. 359, 36 Pac. 453; *Boucher* v. *Powers,* 29 Mont. 342, 74 Pac. 942; *Scott* v. *Waggoner,* 48 Mont. 536, L. R. A. 1916C, 491, 139 Pac. 454; *Hammond* v. *Thompson,* 54 Mont. 609, 173 Pac. 229.)

Since a counterclaim was not pleaded, it follows that evidence tending to establish one was inadmissible, and the defendants' fifth assignment of error is without merit.

Finally, defendants contend that the court had no authority [6] in this case to make an order overruling their motion for a new trial conditioned upon the plaintiff remitting $15 of the amount of the judgment entered upon the verdict of the jury; that, if the order was based upon the first ground specified in their motion for a new trial, namely: "Excessive damages appearing to have been given, under the influence of passion and prejudice," it simply means that the court found, as a matter of law, that the verdict was rendered under the influence of passion and prejudice, and that the order amounted to

the granting of a new trial, and that the order of remission was mere surplusage, and should be disregarded. One of the other grounds of defendants' motion for a new trial was "insufficiency of the evidence to justify the verdict."

In *Bull* v. *Butte Electric Ry. Co.*, 69 Mont. 529, 223 Pac. 514, in which case the plaintiff had been awarded judgment for personal injuries, the trial court granted a motion for a new trial, unless plaintiff should consent to a reduction of the amount of the judgment from $800 to $300. Plaintiff refused to give such consent, and appealed to this court from the order. The court said: "It does not follow, however, from the order now under review that the trial court found that the jurors were actuated by passion and prejudice. While it is true that the mere fact that a verdict is excessive is not made a statutory ground for a new trial (*Kelley* v. *Daily Co.*, 56 Mont. 63, 181 Pac. 326), the contention that the damages awarded are excessive may be raised under the specification that the evidence is insufficient to sustain the verdict."

In the instant case, the court did not indicate upon what basis the conditional order overruling the motion for a new trial was made, and it does not necessarily follow that the court found that the verdict was rendered under the influence of passion and prejudice. In the absence of a showing to the contrary, we have a right to presume that the remission was made under the theory that the evidence was insufficient to sustain the verdict to the extent of the $15 which plaintiff was required to remit in order to avoid a new trial. The jury was justified, in weighing the evidence, to determine that the plaintiff was entitled to recover the amount sued for less such payments as had been made to him upon the account. While the court did not intimate in its order what items made up the $15 required to be remitted, it is easy to determine from the evidence that it considered that the defendants were entitled to credit for the $10 check issued to the plaintiff by James Martin in Anaconda, and the $5 paid to plaintiff for his labor when he had been "loaned out" to Elmos, and that the jury

by miscalculation had neglected to give the defendants credit for these items.

Defendants endeavor to appeal from the order of January [7] 5, 1923, amounts only to an attempted appeal from an order overruling the motion for a new trial. Such an appeal is abolished by the provisions of section 9745, Revised Codes of 1921, and therefore this attempted appeal is dismissed.

After the modification of the original judgment dated [8] November 24, 1922, by the order of the court dated January 5, 1923, and the acceptance of such modification by the plaintiff, said original judgment became ineffective, and was merged in the judgment as modified by the last-mentioned order and acceptance; therefore, the appeal from said first-mentioned judgment is dismissed and the appeal stands from the judgment as modified by the order of January 5, 1923, upon which appeal all questions touching the propriety of the order of the court overruling the motion for a new trial, on the conditions named therein, have been considered by us as authorized by section 9745, *supra.*

No prejudicial error appearing in the record, the judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

MR. JUSTICE COOPER, being absent, did not hear the argument, and takes no part in the foregoing decision.

Rehearing denied September 12, 1924.