THE STATE OF MONTANA, ACTING BY AND THROUGH THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, PLAINTIFF AND APPELLANT, *v.* ARTHUR SCHMIDT, OF BUTTE, MONTANA, AND LUCILLE MEINECKE, OF BUTTE, MONTANA, DEFENDANTS AND RESPONDENTS.

No. 10465.

Submitted December 16, 1963. Decided April 7, 1964.

Rehearing denied May 13, 1964.

391 P.2d 692.

Forrest H. Anderson, Atty. Gen., Daniel J. Sullivan, Sp. Asst. Atty. Gen. (argued), Helena, for appellant.

Doepker & Hennessey, Mark J. Doepker (argued), Butte, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from an order entered after final judg-

ment, in a condemnation action tried before a jury, wherein the Honorable John B. McClernan directed a new trial unless within sixty days the appellant consented to an addition of $7,897.45 over the amount awarded to the respondents by the jury.

The facts are for the most part undisputed except for the contentions of the respondents, and appellant's appraisers as to what was the highest and best price for the property in question. The question presented, additur by the district court, is novel to this court.

The State of Montana, appellant acting through its State Highway Commission, condemned certain lands located in the City of Butte, Silver Bow County, Montana, for the Interstate Highway. The respondents, mother and son, began purchasing the lots in question in 1948. They testified that over a period of about eleven years they had some $10,500 invested in the land and an additional $12,000 paid out in construction costs, labor and taxes, making a total of $22,500. Prior to trial, a commission hearing was held and a joint award of $50,000 was made to respondents which award was appealed by the State Highway Commission, the appellant, in this case. A trial by jury was had and after a thorough and complete trial, at which the theories of both sides were completely presented, the jury returned a verdict of $30,000. The respondents moved for a new trial and the court made the following ruling:

"In this matter, the Court deeming the jury award inadequate, the defendants' motion for a new trial is granted, unless the Highway Commission shall within sixty (60) days consent to entry of judgment in the sum of Thirty-seven Thousand Eight Hundred and Ninety-seven Dollars and Forty-five Cents ($37,897.45), in which event the said motion for a new trial shall be denied, and the balance of Commission monies now in possession of the Clerk of this Court shall be returned to the Commission forthwith, defendant landowners having heretofore waived all rights of appeal from such judgment.

"John B. McClernan, Judge."

Appellant set forth two specifications of error on appeal, but abandoned No. 1, leaving the one question set forth in specification No. 2, to be decided by this court, namely:

"The Court erred in entering its order granting a new trial if the Plaintiff did not consent to an addition of the jury verdict."

The question of additur is here for the first time, due to the adoption by the 1961 Legislature of the new Montana Rules of Civil Procedure.

Rule 59, M.R.Civ.P., provides:

"(a)  *Grounds.*  A new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons provided by the statutes of the state of Montana. On motion for a new trial in an action tried without a jury, the court may take additional testimony, amend the findings of fact and conclusions of law or make new findings and conclusions, set aside, vacate, modify or confirm any judgment that may have been entered or direct the entry of a new judgment.

"(b)  *Time for Motion.*  A motion for a new trial shall be served not later than 10 days after service of notice of the entry of the judgment.

"(c)  *Time for Serving Affidavits.*  When a motion for new trial is based upon affidavits they shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.

"(d)  *On Initiative of Court.*  Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor.

"(e)  *Motion To Alter or Amend a Judgment.*  A motion to

alter or amend the judgment shall be served not later than 10 days after service of notice of the entry of the judgment."

We are requested by respondents to interpret Rule 59(e), M.R.Civ.P., as giving the district court discretionary authority to "alter or amend the judgment." It is interesting to note that no authority is cited by respondents for this court's taking such action.

Here, ample evidence was submitted by the respondents for the jury's consideration, and had the jury chosen to give it the credence that respondents felt it deserved, a verdict for respondents in an amount more pleasing to them could have been sustained. However, the jury, after a full trial and after being properly instructed on the law, brought in a judgment for the respondents for less than they felt they were entitled to, causing them to move for a new trial. The trial court granted the motions, providing additur as within its discretionary power under Rule 59, M.R.Civ.P.

Prior to the adoption of the Montana Rules of Civil Procedure in 1962, this court reversed a trial court on the grounds that the award made by the jury was grossly inadequate and granted a new trial, but the question of additur was not presented. Coombes v. Letcher, 104 Mont. 371, 66 P.2d 769. See also Seibel v. Byers, 136 Mont. 39, 344 P.2d 129.

This court has since early in its history recognized remittitur, as used here as the procedural process by which a verdict of a jury is diminished by subtraction, beginning with Cunningham v. Quirk, 10 Mont. 462, 26 P. 184; Chicago T. & T. Co. v. O'Marr, 25 Mont. 242, 64 P. 506; Lewis v. Northern Pacific Ry. Co., 36 Mont. 207, 92 P. 469; State ex rel. Cohn v. Dist. Court etc., 38 Mont. 119, 99 P. 139; Harrington v. Butte, Anaconda & Pacific Ry. Co., 39 Mont. 22, 101 P. 149; Badboy v. Brown, 66 Mont. 307, 213 P. 246; Bull v. Butte Electric Ry. Co., 69 Mont. 529, 223 P. 514; Lappin v. Martin, 71 Mont. 233, 228 P. 763; Thornton v. Wallace, 85 Mont. 27, 277 P. 417; Forquer v. North, 42 Mont. 272, 273, 112 P. 439; Yergy v. Helena Light

& Ry. Co., 39 Mont. 213, 102 P. 310; Griffin v. Chicago etc. Ry. Co., 67 Mont. 386, 216 P. 765; Simpson v. Miller, 97 Mont. 328, 34 P.2d 528.

Throughout these opinions this court has hinged its authority to grant same on the basis of existing statutory authority to grant a new trial.

Here the respondents (defendants in the condemnation action) moved the trial court for a new trial for the following reasons:

(1) Irregularity in the proceedings of the court by which these defendants were prevented from having a fair trial;

(2) Irregularity in the proceedings of the jury by which these said defendants were prevented from having a fair trial;

(3) Irregularity in the proceedings of the adverse party by which the defendants were prevented from having a fair trial;

(4) Insufficiency of the evidence to justify the verdict; and

(5) That the verdict is against the law.

The trial court in its order stated:

"In this matter, the Court deeming the jury award inadequate, the defendants' motion for a new trial is granted, unless the Highway Commission shall within sixty (60) days consent to the entry of judgment in the sum of Thirty-seven Thousand, Eight Hundred and Ninety-seven Dollars and Forty-five Cents ($37,897.45), in which event the said motion for a new trial shall be denied, and the balance of the Commission monies now in possession of the Clerk of this Court shall be returned to the Commission forthwith, defendant landowners having heretofore waived all rights of appeal from such judgment."

The statutory law of this state sets forth the reason for granting a new trial:

R.C.M.1947, § 93-5603, provides:

"The former verdict or other decision may be vacated and a new trial granted, on the application of the party aggrieved,

for any of the following causes, materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court, or abuse of discretion, by which either party was prevented from having a fair trial;

"2. Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors;

"3. Accident or surprise, which ordinary prudence could not have guarded against;

"4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial;

"5. Excessive damages, appearing to have been given under the influence of passion or prejudice;

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

"7. Error in law, occurring at the trial and excepted to by the party making the application;

"8. That the right to have a bill of exceptions has been lost, either through the death or incapacity of the court reporter or in any manner that was not the fault of the losing party."

If the trial court found merit in any of respondents' allegations set forth in their motion for a new trial, it was within its power to grant same, but not to hold, as it did, that with the passage of the Montana Rules of Civil Procedure that it was given additional power under Rule 59, M.R.Civ.P., to add to the jury's verdict if in the court's opinion it was inadequate. This we cannot approve without statutory authority. Rule 59, M.R.Civ.P., does not give the trial court this authority, nor does any decision of this court, nor do the authorities gener-

ally. To date, the usual relief in such cases has been to grant a new trial.

Admittedly the authorities are not in agreement, but as long ago as 1935, the United States Supreme Court in the case of Dimick v. Schiedt, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603, 95 A.L.R. 1150, said this about additur:

"The controlling distinction between the power of the court and that of the jury is that the former is the power to determine the law and the latter to determine the facts. * * * Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of the injury by an assessment of damages. Both are questions of fact. Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict * * * in that sense that it has been found by the jury—and that the remittitur has the effect of merely lopping off an excrescence. But, where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict. When, therefore, the trial court here found that the damages awarded by the jury were so inadequate as to entitle plaintiff to a new trial, how can it be held, with any semblance of reason, that that court, with the consent of the defendant only, may, by assessing an additional amount of damages, bring the constitutional right of the plaintiff to a jury trial to an end in respect of a matter of fact which no jury has ever passed upon either explicitly or by implication? To so hold is obviously to compel the plaintiff to forego his constitutional right to the verdict of a jury and accept 'an assessment partly made by a jury * * * and partly by a tribunal which has no power to assess'."

Furthermore, in the facts presented to this jury there was

sufficient competent evidence to sustain the verdict. The testimony of the witnesses for the highway department, particularly that of the witness Eslick, was compelling. The jury may not have believed some of the testimony of the appellant's witnesses. If there was sufficient credible evidence, and there was, to support the verdict, then we should not depart from our previous pronouncements to the effect that if there be any substantial evidence to support the verdict we will not disturb it on appeal.

Under the facts of this case the court abused its discretion in compelling the appellant to provide for the additur.

The cause is remanded to the district court for further proceedings herein, not inconsistent with this opinion.

MR. JUSTICE CASTLES:

I concur in the result reached in the majority opinion, but not in all that is said.

It appears herein that the only reason the trial judge used additur was, as he expressed it, the jury award was "deemed inadequate." By what appears to be more than a coincidence, the amount of the additur is such as to bring the final amount almost up to the penny of 75 percent of the Commissioner's award, and the amount actually "drawn down" by the landowner as allowed by statute, R.C.M.1947, § 93-9920.

The verdict of the jury was for $30,000, divided in the verdict as $25,000 for the value of the property taken, and $5,000 for damages to the remainder.

The Commissioner's report had been divided as to the two defendants' individual title ownership, with that in Schmidt as $7,579.50 and that in Meinecke as $42,950.50, for a total of $50,530. On these Commissioner's awards, the State deposited $50,000 and were placed in possession.

The amount of the "additur" by the district judge was $7,897.45. This, added to the $30,000 jury verdict is almost exactly 75 percent of the Commissioner's award, being only five

cents difference. The "additur" figure is not broken down into property taken or severance so we are left to speculate wherein the damages are "deemed inadequate."

To add further to what we have referred to as more than a coincidence, the testimony as to values by the various witnesses is as follows:

| Defendants' Value Witnesses | Just Compensation |
| --- | --- |
| Arthur Schmidt | $156,825.00 less certain amounts |
| Murray Lind | 50,000.00 |
| Bill Calvert | 85,000.00 to 120,000.00 |

| Plaintiff's Value Witnesses | Just Compensation |
| --- | --- |
| Evan Martinson | $ 38,189.00 |
| Bruce Eslick | 23,375.00 |
| Ethan Ford | 40,525.00 |

The seemingly large differences between the values placed by plaintiff's witnesses is explained to some measure by a difference in each witness's version of the "highest and best use." Generally speaking, defendants' witnesses placed a general over-all value on a "shopping center"; whereas State's witnesses placed specific values on commercial and residential sites. At any rate, each of the values is different from the other, and different too, from the trial judge's "additur" figure.

Then, too, it is observed that the jury's figure was within the range of testimony.

Actually, the only argument advanced in respondents' brief to uphold the trial court's order is that this would give "flexibility" to jury verdicts. Respondents contend that this was "the unbalanced jury of inexperienced housewives and persons with no property ownership experience at all * * *." It may

be that there is merit in that argument, but if so, it should be addressed to the Legislature.

Returning now to "additur," I would not say that the principle could never be used by a trial court, if in its use, jury errors, for example, accepting testimony stricken from the record, are being corrected. But, where as here, none of the testimony was questioned, to permit this is to invade the province of the jury for no legal or valid reason. I would not go so far as indicated by Mr. Justice John C. Harrison's Opinion in declaring that never, under our statutes, could a court use additur.

MR. CHIEF JUSTICE JAMES T. HARRISON specially concurring:

I concur in the opinion of Mr. Justice John C. Harrison, insofar as it applies to the facts existing in this cause and as to the result reached; and I likewise fully recognize there may arise a situation under a different set of facts, as pointed out by Mr. Justice Wesley Castles, and I concur with him that in a proper case, and to a limited degree, "additur" might be proper. As I view the matter in this cause "additur" was not proper under any theory and the case must be remanded for further proceedings.

MR. JUSTICE DOYLE specially concurring:

I concur in the opinion by Mr. Justice John C. Harrison, however, I view with apprehension the word "additur" becoming a part of the nomenclature of Montana Jurisprudence.

In some of our jurisdictions, not too subtle attempts are being advanced and sponsored to discard the jury system, or permit the court to invade the province of the jury.

These efforts bear very innocuous titles such as "Simplified Procedure for Court Determination of Disputes," but careful analysis of this "Simplified Procedure" is to take from the jury, who try the facts, and place the final result of the litigation in the hands of one man, the trial judge.

The jury is beneficial to the judge for two reasons. First, the facts of the case frequently are a greater problem to decide than the law of the case. Second, it spares the judge from harsh decisions that a sharp application of the law to the actual facts would often require.

The American colonists recited in the Declaration of Independence anent the king, that he was "depriving us in many cases, of the benefits of Trial by Jury."

There is and should be a sharp line of demarcation between the question of fact for a jury's decision, and the question of the law of the case which is a judicial duty.

Concurring with Mr. Justice John C. Harrison, I would quote from a French jurist, Alexis de Tocqueville speaking of our jury system who said, "I do not know whether the jury is useful to those who have law suits; but I am certain it is highly beneficial to those who judge them; and I look upon it as one of the most efficacious means for the education of the people which society can employ."

MR. JUSTICE ADAIR specially concurring:

I concur in the result announced in the majority opinion.

The term "additur" is simply a modern name for "scaling a verdict upwards."

In the early case of Osterholm v. Butte Electric Ry Co., et al., 60 Mont. 193 at p. 203, 199 P. 252 at p. 255, Mr. Chief Commissioner Poorman correctly wrote: "That a judgment may be reversed and a new trial ordered, where the damages awarded are clearly inadequate under the evidence, has been many times affirmed by this and other courts; but this court never has assumed to exercise the authority or power of 'scaling a verdict upward'."

I find no justification in the law for a trial judge to scale a jury's verdict upward.