The State of Montana, Acting By and Through the
STATE HIGHWAY COMMISSION of the State of Mon-
tana, Relator, *v.* ARTHUR SCHMIDT and LUCILLE
MEINECKE, Respondents.

No. 11237.
Submitted November 3, 1966. Decided November 15, 1966.
420 P.2d 153.

Daniel Sullivan (argued), Helena, for relator.

Doepker & Hennessey, Butte, Mark J. Doepker (argued), Butte, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an original proceeding brought by the Highway Commission of the State of Montana seeking a writ of prohibition, supervisory control, or other appropriate writ directed to the District Court of the Second Judicial District and the judge thereof. Also included as respondents were the defendants Schmidt and Meinecke in the following situation.

The fact situation is that a trial was had during January of 1963 in Silver Bow County resulting in a jury verdict fixing a condemnation award in favor of the defendants in that action. The trial judge considered the verdict to be inadequate and entered an order requiring the Highway Commission to pay a higher amount or that in the alternative a new trial would be granted. This "additur" order also provided that the Highway Commission would be allowed an additional 60 days to consider the alternative provided. The Highway Commission elected to appeal the order and this court held the additur to be null and void in its opinion, State Highway Comm'n v. Schmidt and Meinecke, 143 Mont. 505, 391 P.2d 692. After this decision was rendered the defendants moved for a new trial and were refused. Plaintiffs disqualified the judge and then the defendants filed what is denominated an "Amended Answer and Cross-Complaint" before the new judge called to hear the matter. The Highway Commission moved to strike these amended pleadings on the grounds that the court lacked jurisdiction over the subject matter and also because the amended pleadings failed to state a claim for which relief could be granted. The motion to strike was denied as to both grounds.

This original proceeding was then commenced by the Highway Commission because there was no other plain, speedy or adequate remedy. The respondent district court appeared by the same counsel as for the respondents Schmidt and Meinecke and they will be collectively referred to as defendants.

The defendants resist this petition for extraordinary relief chiefly upon the theory that the State Highway Commission entered into an oral stipulation with the defendants which bound it not to appeal from the additur order. The contention that such an oral stipulation exists is rejected for two reasons. First, the defendants have failed to provide any proof whatever. In fact, the defendants have admitted that there is no reference to such an oral stipulation in the record and they have offered no other proof as would be proper in an original proceeding before this court. Secondly, the fact that the trial judge provided, in his additur order, that the Highway Commission could have an additional sixty days to consider the alternative provided clearly indicates that he was not proceeding under the theory that the Highway Commission was bound by an oral stipulation.

Rule 15, M.R.Civ.P., provides that a party may amend his pleadings by leave of the court and that leave will be freely given when justice so requires. It is almost a legal maxim in this court that the trial judge has broad discretionary power to grant leave to amend pleadings and that granting the leave is the rule rather than the exception. However, the trial court's discretionary power may be limited by a decision of the supreme court upon a former appeal of the same cause.

Although there were four specially concurring opinions to the decision rendered by this court upon the former appeal of this case, State Highway Comm'n v. Schmidt and Meinecke, supra, it was very clear that the court was unanimous in its decision to affirm the jury verdict and as to the ineffectiveness of the additur order. The fact that this court affirmed the jury verdict and thereby finally determined the amount of the

award withdrew any discretion that might have been otherwise possessed by the trial judge to allow amendments to the pleadings. The attempt to reopen the issues of this case by allowing an "Amended Answer and Cross-Complaint" was error because it violated the mandate of this court in the former appeal.

It is the decision of this court that a writ issue striking the amended pleadings, and that the jury verdict of $30,000 be entered in favor of the defendants, Schmidt and Meinecke.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES, concur.